JAMES MOONEY *vs.* ELLEN E. HINDS & another.

Worcester.    October 5, 1893. — February 27, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Effect of Decree of a Court of another State — Constitutional Law.*

The effect of a decree of a court of another State having jurisdiction of the settlement of the estates of deceased persons, while it remains unreversed by the court which made it, or by any appellate court, will not be avoided by a court of this Commonwealth on the ground that it was obtained by the fraud, misrepresentation, or gross and wanton negligence and mistake of the defendant.

BILL IN EQUITY, filed December 27, 1892, alleging that the plaintiff, who resided in Shanrod, Ireland, was a brother of the defendants, who were residents of this Commonwealth, and of one William Mooney, late a resident of Bridgeport, Mono County, California, who died on March 31, 1890, in Esmeralda County, Nevada, intestate, leaving an estate consisting of both personal and real property; that the plaintiff and the defendants are the only heirs at law of William Mooney, and that, as one of such heirs, the plaintiff was entitled to a one-third distributive share in the estate of his deceased brother; that on April 25, 1890, an administrator of the estate of William Mooney was duly appointed by the Superior Court of Mono County, California, a court having jurisdiction of the settlement of the estates of deceased persons, and that in January, 1892, the final

account of the administrator was presented and approved; that in the settlement and distribution of the estate the defendants, with intent to defeat the rights of the plaintiff in the estate, falsely represented that. they were the only living heirs of William Mooney, and thereby obtained a decree giving to them the entire real and personal estate of their deceased brother in equal proportions; that the decree was obtained by fraud and misrepresentation, and by the gross and wanton negligence and mistake of the defendants, in derogation of the rights of the plaintiff, and without his knowledge or consent; and that at the time of the settlement of his brother's estate the plaintiff had received no notice of his death, or of any proceedings relative to such settlement. The prayer of the bill was for the payment into court by the defendants of the plaintiff's distributive share of the personal property, for his benefit, and for a conveyance to him of his undivided interest in the real property, as well as for an injunction restraining the defendants from conveying away the real property.

The defendants demurred, on the grounds, among others, that the bill did not state a case for relief; that it showed a valid judgment and decree of a court of competent jurisdiction in California, not revoked or annulled, in which the plaintiff's rights, if any, were fully adjudicated, the validity of which the plaintiff could not draw in question in the courts of this Commonwealth.

The Superior Court sustained the demurrer, and ordered the bill dismissed; and the plaintiff appealed to this court.

*W. A. Williams,* ( *G. R. Warfield* with him,) for the plaintiff.

*W. A. Gile,* ( *E. D. Howe* with him,) for the defendant Ellen E. Hinds.

*J. M. Day & T. C. Day,* for the other defendant.

LATHROP, J. The bill in this case admits that the court in California which rendered the decree complained of had jurisdiction over the settlement of the estate of William Mooney. The plaintiff seeks to avoid the effect of the decree by alleging that it was obtained by the fraud, misrepresentation, and gross and wanton negligence and mistake of the defendants. The question raised by the demurrer is whether, admitting the facts alleged in the bill to be true, this court has any power to

grant the relief prayed for, while the original decree remains unreversed by the court which made it, or by any appellate court.

The Constitution of the United States, art. 4, § 1, provides: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State."

In *Christmas* v. *Russell*, 5 Wall. 290, it was held, in an action on a judgment recovered in another State, that the fact that the judgment had been obtained by fraud could not be pleaded in defence. See also *Maxwell* v. *Stewart*, 22 Wall. 77, 81; *Hanley* v. *Donoghue*, 116 U. S. 1, 4.

The same principle has been held to apply where it is sought in one State to set aside a decree rendered in probate proceedings in another. *Simmons* v. *Saul*, 138 U. S. 439, 459.

As the question before us depends upon the construction of a provision of the Federal Constitution, the decisions of the Supreme Court of the United States are binding upon us. *Eliot* v. *Mc Cormick*, 144 Mass. 10.

If fraud in obtaining the decree cannot be inquired into, it follows that neither mistake, misrepresentation, nor gross and wanton negligence can be. See *Broderick's will*, 21 Wall. 503.

The decree dismissing the bill must be        *Affirmed.*