BENJAMIN GARVEY and Others, Respondents, *v.* UNION TRUST COMPANY of New York, Executor and Trustee of and under the Last Will and Testament of ANDREW JEFFRIES GARVEY, Deceased, THE PRESBYTERIAN HOSPITAL, THE CHARITY ORGANIZATION SOCIETY and THE NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED, Appellants; . HELENA BLANCHE GARVEY and Others, Defendants.

*Will creating a valid trust during the life of the testator's widow with illegal provisions in other respects — the testator's heirs cannot maintain partition during the life of the widow — allegations of conclusions as distinguished from facts.*

Where a testator devises real estate to his executor and trustee upon a valid trust during the life of his wife, the fact that a direction for the accumulation of certain surplus income, and the disposition directed to be made of the property on the death of his wife, may be invalid, does not entitle the testator's heirs, during the life of the widow, to maintain an action, under section 1532 of the Code of Civil Procedure, for the partition of the real estate, as the heirs are neither in the possession, nor entitled to the possession, of any portion thereof, and are not joint tenants, or tenants in common, with the trustee who is in possession of the property; nor can such an action be maintained under section 1537 of the Code of Civil Procedure, as the exception contained in that section is not applicable to such a case.

Where the action is brought for a partition or sale of the entire property, under a claim that the apparent devise contained in the will is void, and is not brought for a partition of the interests of the remaindermen, subject to the right and interest of the person holding the particular estate, the plaintiffs are not entitled to relief under section 1533 of the Code of Civil Procedure, the action not being brought under that section.

An allegation that a devise is illegal and void " because in contravention to the law of this State, which prohibits a person having a wife from devising or bequeathing more than one-half of his estate in trust, or otherwise, to benevolent, charitable, literary, scientific or missionary societies, associations or corporations," or that the plaintiffs are entitled to the possession of the real estate, is an allegation of a conclusion, and not of a fact.

Appeal by the defendants, the Union Trust Company of New York, executor and trustee of and under the last will and testament of Andrew Jeffries Garvey, deceased, and others, from interlocutory judgments of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 25th day of January, 1898, upon the decision of the court rendered after a trial at the New York Special Term overruling their demurrers to the amended complaint.

*Hoffman Miller*, for Union Trust Company of New York, executor and trustee, appellant.

*Edward W. Sheldon*, for The New York Society for the Relief of the Ruptured and Crippled, appellant.

*Robert Thorne*, for The Presbyterian Hospital and Charity Organization Society, appellants.

*Delos McCurdy*, for the respondents.

Ingraham, J. :

The action is brought for the partition of certain property of which Andrew J. Garvey, deceased, died seized, the plaintiffs claiming, as heirs at law of said Andrew J. Garvey, that an apparent devise of such property made by the last will and testament of the said deceased is void.

The complaint alleges that said Andrew J. Garvey, late of the city and county of New York, deceased, was seized in fee absolute and in possession of certain lots, pieces or parcels of land situated in the city and county of New York, which are particularly described ; that the said Garvey died on or about the 5th of April, 1897, intestate, leaving a last will and testament and a codicil thereto, which are set forth in full in the complaint. By this will and codicil the testator, after giving certain specific legacies, gave, devised and bequeathed all the rest, residue and remainder of his estate to his

executor, the Union Trust Company, upon a certain trust specifically mentioned. This trust, as modified by the codicil, directed the executors or trustees to pay to his wife the sum of £2,750 per annum during her life, with a provision that she should immediately forfeit the same upon her remarriage; a legacy to his wife of £2,000 to be laid out by her for the purchase of a freehold villa residence for herself, and upon the death of his wife he directed his executors to stand possessed of £5,000 out of his estate upon trust for such person or persons as his wife should, by her last will and testament, appoint without restriction. The will also directed the trustee to invest, for the benefit of the charities named in his will, the surplus of the income of his estate, after paying the bequests and all legitimate expenses connected with the estate, in first mortgages on improved freehold real estate in cities in the United States, and upon the death of his wife all of the trust estate was to be divided among certain institutions, corporations and organizations mentioned in his will. A power of sale of any or all the real estate and power to invest and reinvest the proceeds thereof was given to the trustee. The complaint then alleges the probate of the will and codicil, and that the Union Trust Company has qualified and entered upon the discharge of its duties as executor and trustee; that the said alleged will and codicil, and the provisions thereof, are illegal and void for the reason that they are indefinite and uncertain in their subjects and objects, invalid and unauthorized by law, and unlawfully suspend the alienation of the property of which the said Andrew J. Garvey died seized and possessed, and because they are in contravention of the law of this State which prohibits a person having a wife from devising or bequeathing more than one-half of his estate, in trust or otherwise, to benevolent, charitable, literary, scientific or missionary societies, associations or corporations, and that by the terms and provisions of the said will and codicil, and notwithstanding the fact that at the time of the execution of the said alleged will and codicil, and at the time of his death, he then had a living wife, one of the defendants in the action, the said Andrew J. Garvey is made to devise and bequeath more than one-half of his estate in trust to societies, associations or corporations of the character and description mentioned and specified in the said law of this State, and contrary to the statute in such case made and pro-

vided; that the said Garvey left him surviving his wife, the defendant Helena Blanche Garvey, and the heirs at law of the said Andrew J. Garvey are then specified; that the defendant corporations are domestic corporations, formed and existing under the laws of the State of New York, and are mentioned as beneficiaries in said alleged last will and testament of said Andrew J. Garvey, but that the provisions of the said will and codicil, in relation to them or for their benefit, are illegal and void and of no force or effect; and the complaint demands judgment that the alleged will and codicil of the said Andrew J. Garvey be adjudged and decreed to be invalid and void and of no force or effect whatever; that the devise of the said property therein contained be adjudged and decreed to be invalid and void and of no force or effect whatever, and that partition and division of the property hereinbefore mentioned and described may be made by and under the direction of this court, between these plaintiffs and defendants, according to their respective rights; or in case a partition and division of said property, or any part thereof, cannot be made without prejudice to the owners thereof, then that the said property be sold by and under the order and direction of this court. These defendants, appellants, demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from an interlocutory judgment overruling such demurrer these defendants appeal.

It seems to be clear that this will and codicil, taken together, created a valid trust under which the title of the testator's property vested in the executor and trustee for the purpose of the trust. That trust was to continue during the life of the testator's wife. Upon her death the trust ceases. The testator attempted to dispose of the rest of his property by giving £5,000 out of his estate to such person or persons as his said wife should by her last will and testament appoint, and the remainder of his estate, real and personal, to the charitable institutions or corporations named in the will. The directions for the accumulation of income not needed to pay the sums directed to be paid from such income would be invalid under the statute, but the invalidity of that direction does not affect the trust. Such surplus income will, under the statute, belong to the persons presumptively entitled to the next eventual estate. (1 R. S. 726, § 40; *Cochrane* v. *Schell*, 140 N. Y. 516.) A valid

express trust having thus been created, the whole of the real estate vested in the trustees in law and equity, subject only to the execution of the trust. (1 R. S. 729, § 60.) This trust estate, however, continues only during the lifetime of the testator's widow. Upon the death, as the purpose for which the trust had been created will cease, the estate of the trustees will also cease. (Id. 730, § 67.) The estate and interest in the land not embraced in the trust, and not otherwise legally disposed of, remains in the testator's heirs at law as a legal estate. (Id. 729, § 62.) Assuming that the devise over to the charitable institutions named in the will is in part void, the title of the heirs at law as to the portion of the real estate as to which the devise over was void is the reversion subject to the estate vested in the trustee during the lifetime of the testator's widow. The heirs at law of the testator are not, therefore, in the possession, or now entitled to the possession, of any portion of the real estate described in the complaint. "The plaintiff not being in possession, and not sustaining the relation of tenant in common or joint tenant to the defendants who were in possession, cannot maintain an action for partition unless by reason of the exception contained in section 1537 of chapter 14, title 1, article 2 of the Code relating to actions for partition." (*Ellerson* v. *Westcott*, 148 N. Y. 152.) We do not think this action can be maintained under the provisions of that section. It is a substantial re-enactment of section 2 of chapter 238 of the Laws of 1853, entitled an act relative to disputed wills. That act provided that " any heir or heirs claiming lands, tenements or hereditaments by descent from an ancestor who died holding and being in possession of the same (whether such heir or heirs be in possession or not), may prosecute for the partition thereof, notwithstanding any apparent devise by such ancestor, and any possession held under the same devise, provided that such heir or heirs shall allege and establish in the same suit, action or proceeding that such apparent devise is void." When the act was originally passed the persons owning a vested remainder in or the reversion of real property could not maintain an action for the partition of that property, and the section as originally passed could only have applied to a case where an apparent devise of lands was void so that the parties seeking to maintain a partition were entitled to the present possession and enjoyment of the property. In *Sulli-*

*van* v. *Sullivan* (66 N. Y. 41) ALLEN, J., in delivering the opinion of the court, says : " The distinctive feature of a tenancy in common is unity of possession. \* \* \* A possession is something more than a mere right or title whether to a present or future estate. It implies a present right to deal with the property at pleasure and to exclude other persons from meddling with it. Actual possession is the actual exercise of such present power by the owner. Constructive possession may exist without an actual *pedis possessio* where there is a present right, and the possession is either vacant or is consistent with the right of the owner to an immediate and actual possession by himself. One in actual or constructive possession may maintain trespass or other possessory action. There can be no possession, actual or constructive, by an owner of an estate in lands without at least the right to actual possession as against every other person. \* \* \* There was no tenancy in common by the plaintiff with either of the defendants, and the plaintiff did not hold and was not in possession, either actually or constructively, of any part of the lands sought to be partitioned. We think it too well settled by authority as well as upon principle, that a remainderman cannot, as against others not seized of a like estate in common with him, maintain the action to disturb the rule." When this section was re-enacted as section 1537 of the Code, it seems to us clear that the intention was to continue the right to maintain an action for partition upon the same basis as was originally given by the act of 1853. The person so entitled under this section must be a person claiming as a joint tenant, or a tenant in common, by reason of his being an heir of a person who died, holding and in possession of real property, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise. But to entitle him to maintain the action at all, the plaintiff must allege and prove in such an action that the apparent devise is void. It is the devise of the real estate to the person in possession that must be alleged and established to be void, so that the party seeking to maintain the action would then be entitled to the possession of such real estate but for such void devise; for, as was said in *Sullivan* v. *Sullivan* (*supra*), " there can be no possession, actual or constructive, by an owner of an estate in lands without at least the right to actual possession as against every other person ; " and the right to maintain an action of

partition, and for a sale thereof, is by section 1532 of the Code, given where two or more persons hold or are in possession of real property as joint tenants or tenants in common. As this action seeks for a partition and sale (if an actual partition cannot be had of the property described in the complaint), and as it does not appear that the plaintiffs are either joint tenants or tenants in common with the defendant trustee who is in possession of the property, and as it does not appear that the devise by the testator, who was in possession at the time of his death, to such trustee is void, the plaintiffs are not in a position to maintain this action for a partition and sale of the property.

Nor are the plaintiffs entitled to maintain the action under section 1533 of the Code, for the reason that this is not an action brought under that section. That section provides that where two or more persons hold as joint tenants, or as tenants in common, a vested remainder or reversion, any one or more of them may maintain an action for the partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein. Here the action is for a partition and sale of the property itself, with a claim that the apparent devise contained in the will of the decedent is void. The action is not brought for a partition of the interests of those entitled to an estate in remainder, subject to the right and interest of the person holding the particular estate. No such relief is sought in this complaint; but the judgment demanded is that the property itself be partitioned so that the present right of possession and ownership, as well as the remainder or reversion, may be partitioned or sold. That it was the intention of the Legislature to confine an action brought under the section last mentioned to a division of the remainder or reversion among the owners therein, without affecting compulsorily the right of those in whom the particular estate vests, is clear from the subsequent provision of the section, where it is provided that no sale of the premises in such an action shall be made except by and with the consent in writing of the person or persons owning and holding such particular estate or estates, and also from the provision that if it should appear at any stage of the action that partition or sale cannot be made without great prejudice to the owners, the com-

plaint must be dismissed, which dismissal shall not affect the right of any party to bring a new action after the determination of such particular estate. A judgment under this section could not direct a sale of the property without the consent in writing of the trustee in whom is vested the particular estate, and no partition at all could be ordered if it appeared that such a partition could not be made without great prejudice to the owners of any estate in the property. In an action under section 1533 of the Code, where no consent to a sale had been given, the owner of the particular estate would not be a proper party, and the relief asked for would necessarily be subject to the interest of the person holding the particular estate. This action, therefore, not being one brought to enforce a right given by section 1533 of the Code, the action cannot be maintained under that section.

Nor do we think that the allegations of the complaint are sufficient to show that the devise of the remainder after the termination of the life of the testator's widow is void. The complaint does not allege any facts upon which a conclusion could be sustained that this devise contained in this will is void. The complaint several times alleges the will to be void, but as that allegation is a mere conclusion of law it is not admitted by the demurrer. The only clause of the complaint from which it could be claimed that a fact is alleged, from which it might be presumed that the devise over is void, is the 4th clause. That clause alleges that the will and codicil of the testator and the provisions thereof are illegal and void, for the reason that they are indefinite and uncertain, invalid and unauthorized by law, and unlawfully suspend the alienation of the property of which the said Andrew Jeffries Garvey died seized and possessed, but neither of the grounds here stated was insisted upon the argument before us, and the particular provisions of the will which are claimed to be illegal and void for these reasons are not pointed out to us upon this appeal. The clause then continued: "And because in contravention to the law of this State which prohibits a person having a wife from devising or bequeathing more than one-half of his estate in trust or otherwise to benevolent, charitable, literary, scientific or missionary societies, associations or corporations." Here is alleged the reason for the claim that the provisions of the will are illegal and void. It is not alleged as a fact that the testator did

devise and bequeath more than one-half of his estate in trust to such societies mentioned, but it is alleged that the provisions of the will are illegal and void because in contravention to the law of this State, notwithstanding the fact that at the time of the execution of said alleged will and at the time of the testator's death he then had a living wife, said Andrew J. Garvey is made to devise and bequeath more than one-half of his estate in trust to societies, associations or corporations of the character and description mentioned and specified in said law of this State, and contrary to the statute in such case made and provided. Thus, the fact that more than one-half of his estate was given to such societies, associations and corporations is not alleged as a fact, but alleged as a reason why the provisions of the will and codicil are void. This is not the allegation of a fact as existing at the time the complaint was verified. Chapter 360 of the Laws of 1860, the statute which it is claimed made this devise void, provides that " No person having a husband, wife, child or parent shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts (and such devise or bequest.shall be valid to the extent of one-half and no more)." The provisions of this act do not make the whole devise of the property attempted to be disposed of by the will void. It enacts that a provision contained in a will which attempts to devise or bequeath to corporations or associations in violation of the provisions of the statute shall be valid to the extent of one-half of the testator's estate after the payment of his debts, and as to no more. The devise to the trustees in trust is good so far as it is necessary to carry out the provisions of the trust created by the will; and, as that trust is created for the benefit of the testator's wife during her life and is a valid trust for that purpose, the devise contained in the will is not void. The devise of the residuary estate is good to the extent of one-half of the testator's estate, and there is no allegation in the complaint that this devise to the residuary legatees is more than one-half of the testator's estate. The testator gives to his wife an annual income from this trust estate, £2,750. He also gives to his wife a present bequest of £2,000, certain specified personal property and the balance standing to his credit with his bankers; and

gives to an appointee of his wife the sum of £5,000. From all that appears in this complaint these various sums, together with the personal property specifically devised, would equal one-half of the testator's estate, and thus no part of the devise of the real estate would be void.

In the case of *Weston* v. *Stoddard* (137 N. Y. 119) the court said: " Where a devisee is in possession under a devise in a probated will, he has an exclusive title to the property, which is presumptively valid against the heir and all persons claiming through the testator, and without an enabling statute the heir could not maintain partition, because, upon the face of the record, he is not a co-tenant of the title at all. Before he can bring himself into such a relation with the occupant he must procure the judgment of the court declaring the devise void for some sufficient cause, after which he may insist upon partition between himself and the other heirs, and the purpose of the statute (Code, § 1537) was to enable him to secure this two-fold relief in one action." Whether or not the testator has given more than one-half of his estate to corporations or associations, mentioned in the act of 1860, is a question of fact, which must be determined upon the facts alleged and proved in an action by the heirs at law to recover possession of the estate which the testator devised to such corporations, but to which the prohibition of the act of 1860 applies. A mere allegation that the devise was void, or that the plaintiffs were entitled to the possession of the land, is an allegation of a conclusion, not a fact. The facts should have been alleged from which such a conclusion of law could have been drawn. (*Sheridan* v. *Jackson*, 72 N. Y. 170.) The question as to how it is to be ascertained whether or not a testator has devised or bequeathed more than one-half of his estate in violation of the act of 1860 has been settled by the Court of Appeals in the case of *Hollis* v. *Drew Theological Seminary* (95 N. Y. 177), where the court says: " The sums bequeathed to these corporations are first given for life to other persons, and they are to be paid to these corporations after the death of the other persons named. It is contended on behalf of the plaintiff, that for the purpose of ascertaining whether the bequests exceed one-half of the estate, they are to be taken just as if they vested, and were payable to these corporations without any delay after the death of the testator.  *  *  *  How

is it to be determined whether the testator has given more than one-half of his estate? I answer, by ascertaining the value of his estate and then determining whether he has given more than half of such value. There can be no other way. * * * The value of the estate in a case like this must be determined at the death of the testator, and that must be ascertained by the help of annuity tables and such other means as are in any case available. There is no present uncertainty in the value thus ascertained for the purpose of sale, purchase or legal administration. The life of the annuitant may turn out to be longer or shorter than the years given in the table used, but that is a future event then unknown, and does not enter into any calculation of present value in such a case," and in addition the widow's right of dower must be deducted before estimating the value of the testator's estate. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424.) It is quite clear that, applying this rule to ascertain just what proportion of the testator's estate was devised or bequeathed to these defendants, the facts are not alleged in the complaint from which the conclusion would follow that more than one-half of the testator's estate is left to such corporations or associations, and it follows, assuming that these plaintiffs could maintain an action as owners of the remainder, subject to the life estate to partition such property, that the facts alleged in the complaint do not show that the apparent devise is void either as to the trust estate created for the life of the widow or as to the remainder bequeathed to these corporations or associations.

I think, therefore, that the complaint fails to show a cause of action, and that the judgment should be reversed and the demurrer sustained, with costs, with leave to the plaintiffs to amend the complaint upon payment of costs.

PATTERSON and MCLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., concurred, except as to second ground discussed, as to which he expressed no opinion, deeming that discussion unnecessary; O'BRIEN, J., concurred in result on the ground that the action cannot be maintained because there is a trust which continues during the life of the widow.

Judgment reversed and demurrer sustained, with costs, with leave to plaintiffs to amend on payment of costs.