(38 Misc. Rep. 164.)

### GARVEY v. HORGAN et al.

(Supreme Court, Special Term, New York County. May, 1902.)

WILL OF PERSONALTY—PROBATE AT DECEDENT'S DOMICILE—CONCLUSIVENESS.

A dispute arose between the heirs of a testator and the charitable institutions to which he had devised his estate as to the validity of the devises to them, and an agreement was entered into between all the parties except plaintiff, by which the real property was sold under the powers in the will, and the proceeds divided in certain proportions. Prior to the making of such agreement, an heir of testator, residing in Boston, died, leaving a will, and an ancillary executor was appointed in New York, who was a party to the agreement before mentioned. Held, that whatever rights the nonresident decedent and his

heirs acquired in the estate of testator they obtained from the agreement, and such rights were personal property, and the will of the nonresident in Massachusetts was therefore a will of personal property, and the decree of the court in Massachusetts, the place of his domicile, was conclusive as to the validity of his will.

Action by Nellie Garvey against Francis J. Horgan, as ancillary executor of the estate of Richard Garvey, and others, to recover money.   Demurrer to the complaint sustained.

Nelson J. Waterbury (Edmund R. Dodge, of counsel), for plaintiff.
Leonidas Dennis (Charles H. Fuller, of counsel), for defendant United States Fidelity & Guaranty Company.

STECKLER, J.   The plaintiff is a daughter of Richard Garvey, one of the heirs at law of Andrew J. Garvey, deceased.   The said decedent, by his last will and testament and codicil thereto, devised his real property to a trustee, to pay the income to his widow during her life, and on her death to distribute the same among certain charitable institutions.   During the life of the widow a dispute arose between the heirs at law of the testator and the charitable institutions to whom he had devised his estate as to the validity of the devise to them, the contention of the heirs being, apparently, that contrary to the provisions of the act of 1860 (Laws 1860, c. 360) the testator devised more than half of his net estate to said institutions; and to settle the dispute an agreement was made between said devisees, the widow, and all the heirs at law except the plaintiff, by which it was stipulated that all the real property should be sold under the power of sale given to the trustee in the will, and that the proceeds should be paid to the heirs and devisees and others entitled in certain proportions.   Before the making of the agreement, Richard Garvey died, a resident of and at the city of Boston, Mass., leaving a last will and testament bequeathing and devising all his property to certain persons therein named.   Said will was duly proved in the probate court of Suffolk county, in said state, and the executor thereafter procured ancillary letters testamentary in New York county.   The said executor was a party to the agreement before mentioned.   The plaintiff alleges that her father, Richard Garvey, was of unsound mind, and incompetent to make a will, and that the will made by him was procured by undue influence, and seeks in this action for money had and received to recover $29,212.63, the amount paid in pursuance of the aforesaid agreement to his executor.   The United States Fidelity & Guaranty Company, surety on the official bond of the ancillary executor, demurs to the complaint upon the grounds that it does not state facts sufficient to constitute a cause of action, and that the court has not jurisdiction of the subject of the action.

I think the demurrer on the ground of legal insufficiency is well taken.   There is no allegation that the will of Andrew J. Garvey is invalid.   The fact that, for the sake of buying peace, the devisees and the heirs made the agreement referred to, does not prove invalidity.   Whether or not the testator gave more than one-half of his estate to corporations or associations mentioned in the act of 1860 is a question of fact, which must be alleged and proved in an action by the heirs

at law to recover possession of the estate which the testator devised to such corporations, but to which the prohibition of the act of 1860 applies. Garvey v. Trust Co., 29 App. Div. 522, 52 N. Y. Supp. 260. The heirs of Andrew J. Garvey, therefore, had no rights in the real property devised which the plaintiff can enforce in this action on the theory that the will of her father, Richard Garvey, was obtained by undue influence. Whatever rights the heirs at law acquired in the estate of Andrew J. Garvey they obtained through the agreement made by them and the devisees. It seems to me that such rights were personal, not real property, and as to those rights, contingent at the time of his decease, the will of Richard Garvey was a will of personal property. Under the circumstances the decree of the probate court of Suffolk county, Mass., Richard Garvey's domicile, was conclusive (Mills v. Duryee, 7 Cranch, 481, 3 L. Ed. 411; Crippen v. Dexter, 13 Gray, 333; Inhabitants of Dublin v. Chadbourn, 16 Mass. 433; Parker v. Parker, 11 Cush. 519; Nelson v. Potter, 50 N. J. Law, 324, 15 Atl. 375; Willetts' Appeal, 50 Conn. 330), and cannot be collaterally attacked by the plaintiff. Even assuming that this court could go behind the Massachusetts decree, still the plaintiff would have no standing, for Richard Garvey might have owed debts sufficient to wipe out his estate, and the only right of the plaintiff as next of kin of her father would be to an accounting for and distribution of any surplus that might remain after administration. The demurrer must, therefore, be sustained, with costs, with leave to amend on the usual terms.

Demurrer sustained, with costs, with leave to amend on usual terms.