(77 App. Div. 391.)

GARVEY v. UNITED STATES FIDELITY & GUARANTY CO. et al.

(Supreme Court, Appellate Division, First Department.   December 19, 1902.)

1. WILLS—ACTION TO RECOVER INVALID DEVISE—PLEADING.
   In an action by an heir for the recovery of an estate devised by his ancestor to charitable corporations, on the ground of the invalidity of the devises, because of the ancestor's disposing of more than one-half of his estate to the corporations, it is necessary to establish the fact that the devises exceed one-half of the estate, and the complaint must therefore allege such fact, and an averment that they are invalid for that reason is insufficient.

2. SAME—EQUITABLE CONVERSION—RIGHT OF HEIR.
   Where a will worked an equitable conversion into personalty of all the real estate of a testator, by devising it to a trustee, with power to sell and pay over the proceeds, an heir of the testator, or one claiming under him, could not maintain, in his capacity as heir, an action for the recovery of the estate devised, or the proceeds thereof, based on the ground that the devises were invalid.

3. FOREIGN DECREE—CONCLUSIVENESS—COLLATERAL ATTACK.
   A decree of a sister state admitting a will to probate is conclusive on the issue of the validity of the will, as against collateral attack.

4. EXECUTOR'S BOND—LIABILITY OF SURETY.
   An action cannot be maintained against a surety on an executor's bond until the liability of the executor to make a payment has been established, and he has failed to pay the same.

Appeal from special term, New York county.

Action by Nellie Garvey against the United States Fidelity & Guaranty Company and others. From an interloctuory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Nelson J. Waterbury, for appellant.
Charles H. Fuller, for respondents.

HATCH, J.   The theory of the complaint in this action is that the plaintiff is entitled to recover as an heir at law and next of kin of Richard Garvey, who was an uncle of the blood and one of the heirs at law of Andrew J. Garvey, deceased.   The complaint avers that Richard Garvey died a resident of the city of Boston, in the state of Massachusetts, on or about the 22d day of September, 1898, leaving a pretended last will and testament, which was void by reason of the testator's incapacity to make the same; that Andrew J. Garvey was, at the time of his death, seised of certain lands and tenements situate in the city and county of New York, and that he left a last will and testament, which was duly admitted to probate by the surrogate of the county of New York as a will valid to pass real and personal property; that by virtue of its provisions, and codicil thereto attached, he devised all of his said lands and property to a trustee named in the will, upon certain trusts therein specified; that the said will and codicil gave to the said trustee full and complete power to sell and convey the whole of the real estate devised by the will; that, after the admission of the will to probate, the trustee exercised the power of sale contained therein, and sold the property; that, after the said will of Andrew J. Garvey was admitted to probate, all of the persons and corporations entitled to take thereunder, or claiming an interest under the will, except this plaintiff, entered into an agreement in writing, before the commencement of this action, whereby they agreed that the proceeds of the sale of said property should be divided and distributed among the persons and corporations entitled thereto in specified proportions, and that, out of the said sums so realized, $29,212.63 became payable to Richard Garvey, had he been alive to receive the same; that the said will of Richard Garvey was procured to be probated by the legatees and beneficiaries therein named, and by the executor thereof, in the probate court of Suffolk county, in the state of Massachusetts, and that after such probate an exemplified copy of the will and decree of probate was recorded in the surrogate's office of the county of New York, and a decree procured from one of the surrogates of said county for the issuance to the executor therein named of ancillary letters testamentary upon the said estate; that thereupon there was paid over to said executor the aforementioned sum of $29,212.63, in disregard of plaintiff's rights; that plaintiff demanded said sum of the trustee named in the will of Andrew J. Garvey prior to its payment to the executor; that the United States Fidelity & Guaranty Company, a foreign corporation authorized to transact business in the state of New York, became surety on the bond of the executor of the will of Richard Garvey, and now controls or has some interest in the fund, and is in possession of the same.   The complaint demands judgment against the defendants for the before-mentioned share, together with the costs of the action.

It is evident that the disposition made of the demurrer by the learned court below is sound, and should be sustained upon this appeal. It is nowhere averred in terms in the complaint that the will of Andrew J. Garvey was invalid, nor is such fact made to appear by any of the averments contained therein.   Assuming that the devises of property to charitable corporations under such will were of more than one-half of the estate, and therefore invalid, it would be essential to establish

such fact by proof, and a complaint which fails to aver it is bad. Garvey v. Trust Co., 29 App. Div. 513, 52 N. Y. Supp. 260. The averment that it is invalid for such reason is the statement of a conclusion, merely, and is unavailing to raise the question.

Aside from this question, however, it clearly appears from the will of Andrew J. Garvey that it worked an equitable conversion into personalty of all of his real estate. The devise was to a trustee, with power to sell and pay over the proceeds; and the averment of the complaint is that this power was executed, and out of the execution arose the sum which the plaintiff seeks to recover in this action. The proceeds of the property is personalty, unimpressed with any character of real estate. Horton v. McCoy, 47 N. Y. 21; Kalbfleisch v. Kalbfleisch, 67 N. Y. 354. There was nothing, therefore, which descended under the will of Andrew J. Garvey which the plaintiff could take as heir at law; and no right remains in her which she could enforce in such capacity against such estate, or the proceeds thereof. By the averments of the complaint, it appears that the will of Richard Garvey has been admitted to probate in Suffolk county, in the state of Massachusetts. The decree of said court admitting the will to probate is conclusive, and cannot be questioned in this state. Mooney v. Hinds, 160 Mass. 469, 36 N. E. 484; Simmons v. Paul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054. It is clear, therefore, that the executor named in such will became entitled to take as such; and he alone, so far as the personal estate is concerned, is the legal representative of the heirs at law of Richard Garvey, and the right to have and receive the money is exclusively vested in him. The averments of the complaint are that the money was paid over to such executor, and if the plaintiff has any rights in and to this fund, she is required to invoke such legal remedies as may exist for the recovery thereof from the executor; but the money having been paid, according to law, to the person entitled to the custody thereof, no right of action exists in her favor against the surety upon the bond of the executor until the liability of the executor to respond to her has been established, and he has failed to comply with a direction to pay over the same.

It also appears by the averments of the complaint that, under and by virtue of the terms of the will of Richard Garvey, the plaintiff herein is not entitled to have or receive any of such estate. She is not named therein as legatee, nor does she take anything thereunder. So long, therefore, as the probate of this will stands, she is concluded from taking anything; and as the testator resided in the state of Massachusetts, and the will is duly admitted to probate in that state, and the executor has qualified thereunder, she must be limited in whatever rights she has in and to this fund to a proceeding in the courts of Massachusetts. It is sufficient to say now that not only does the complaint fail to show a case entitling her to recover this fund, or any part of it, as heir at law or next of kin of Andrew J. Garvey, but by its affirmative averments she has succeeded in showing that in each capacity she has no standing to maintain this action. In addition thereto, she seems to have gone further, and also by affirmative averments established that she has no right to have or receive any of this fund. So long as the decree of probate of the will of her ancestor

stands unreversed, she is not entitled to take in any capacity whatever.

It follows that the interlocutory judgment should be affirmed, with costs, and that the plaintiff be permitted to plead over within 20 days upon payment of the costs of this appeal and in the court below. All concur.