A will bequeathed to testator's daughter a certain sum, to be invested by the executors, and certain payments made from the income to the widow for the support of the daughter until she attained her majority, after which she was to receive the income of the fund and of the accumulated surplus until her marriage, when the principal and accrued interest was to be paid to her. It was provided that, if the daughter should die, leaving no children, the fund and interest should pass to other parties. The daughter died after testator, before majority, and without issue. *Held*, that the death of the daughter referred to was her death after that of the testator, so that she took a conditional fee, the persons entitled to take on death of the daughter without issue taking a contingent interest, not vesting until the happening of the contingency, upon which they, and not the personal representatives of the daughter, were entitled to the fund and its accumulations.

Judicial settlement of the accounts of Hillyer Ryder, as trustee, etc., under the will of James S. Vail, deceased. Decree rendered.

R. E. Doolittle (Welton C. Percy, of counsel), for Georgianna Vail individually and as executrix of Martha E. Vail, deceased.
William G. McCready, for Lucretia M. Worth and Nettie V. Shrive.
Clayton Ryder, for trustee.
Henry W. Wiggins, for State Comptroller.
George E. Anderson, for Henry B. Ketchum.

SOUTHARD, S. The proceedings which are before this court in the estate of James S. Vail, deceased, are subdivided into three separate motions for various reliefs, and arise upon the filing by the trustee of his accounts, and upon an application for a judicial settlement thereof, and in which proceedings the executrix of the last will and testament of Martha Elizabeth Vail, a minor, deceased, objecting to the passing and settlement of the accounts and distribution of the fund therein, claims the whole of said original fund, which, at the time of the probate of the will of James S. Vail, amounted to $50,000, and the subsequent income and increase thereon, amounting to $10,647.99.

In the course of the administration of the estate by the trustee, at the death of Martha Elizabeth Vail, which occurred on October 30, 1903, in Westchester county, N. Y., she not having reached the age of 21 years, and never having been married, and never having had any issue of her body, and who would have become 21 years of age on September 29, 1904, an application was made to this court for an order directing the assessment and taxation of the transfer tax upon the estate which passed at the date of the death of said Martha Elizabeth Vail, and not at the death of James S. Vail. Upon the hearing before the surrogate an appeal was taken from the order assessing the transfer tax on the fund and its accumulations to Henry S. Ketchum, Lucretia M. Worth, and Nettie V. Shrive, such appeal having been taken by the executrix of the last will and testament of said Martha Elizabeth Vail.

In the proceedings there was also a petition and order to show cause, made on behalf of Georgianna L. Vail, said executrix, why certain paragraphs in the decree in this court, made and entered on the 25th day of September, 1895, settling the executor's accounts herein, should not be stricken from said decree. Objections were also filed to the trustee's accounts by Georgianna L. Vail, widow of James S. Vail, personally and as such executrix, upon the ground that Martha Elizabeth Vail, having survived the testator, became and was vested with the fund of $50,000 mentioned and provided for in the second paragraph of decedent's will.

The second clause of the will of James S. Vail is as follows:

"Second. I give, devise and bequeath unto my beloved daughter Martha Elizabeth Vail the sum of fifty thousand dollars ($50,000) and I hereby order and direct my executors or the survivor of them to invest the same in Mortgages on Real Estate or Rail Road bonds that pay their interest or other good securities and savings banks and out of the interest and income arising therefrom to pay to my beloved wife Georgianna L. Vail the sum of Seven hundred dollars ($700) each year (in semi annual payments) for the education and support of my said Daughter Martha Elizabeth Vail until she arrives at the age of ten years; and after my beloved daughter Martha Elizabeth Vail arrives at the age of ten years I hereby order and direct my Executors to pay to my beloved wife Georgianna L. Vail, the sum of one thousand dollars ($1,000) each year in semi annual payments for the support and education of my said Daughter Martha Elizabeth Vail until she arrives at the age of fifteen years; and after my beloved Daughter Martha Elizabeth Vail arrives at the age of fifteen years I hereby order and direct my executors to pay to my beloved wife Georgianna L. Vail the sum of fifteen hundred dollars ($1,500) each year in semi annual payments for the support and education of my said Daughter Martha Elizabeth Vail, until she arrives at the age of twenty one years, and I direct and require that the said sums herein directed to be applied for the support and education of my said Daughter Martha be used for that purpose and no other, and I also require that my said Daughter be educated at the Drews Ladies Seminary at Carmel N. Y. or at the Vassar College in the City of Poughkeepsie, Dutchess County, N. Y., I also require that my said daughter shall reside in the village of Carmel, Putnam County N. Y. during her minority, except at such times that she shall be absent therefrom at school as herein directed. And after my said Daughter Martha shall attain the age of twenty one years, I direct my executors to pay the income and interest of the said fifty thousand dollars, together with the interest and income on such portions of the income of said fifty thousand dollars, not paid over for the support and education of my said Daughter as herein directed, to my said Daughter Martha (semi-annually) until such time as my said daughter Martha shall have married and shall have a child or children of her own (living) when the principal and all interest accrued on the said fifty thousand dollars (not expended or paid over as herein directed) is to be paid over to my beloved daughter Martha Elizabeth Vail. But if my beloved daughter Martha shall die without leaving a child or children of her own body, then and in that case I order and direct my executors to divide said fifty thousand dollars and all accumulations of interest thereon not expended and paid over as hereinbefore directed, into two equal shares one of said shares I direct my executors to invest in bond and mortgage on Real Estate or Rail Road bonds that pay their interest or other good securities and savings banks and to pay the interest and income arising therefrom to my daughter Georgianna Ketchum, yearly, during her natural life and at her decease I give and bequeath said principal sum directed to be invested for her benefit to her children, share and share alike, and the other of said shares I direct my executors to invest on bond and mortgage on Real Estate or Rail Road bonds that pay their interest or other good securities and savings banks and to pay the interest and income arising therefrom to my Daughter Lucretia M. Worth, yearly, during her

natural life, and at her decease I give, devise and bequeath said principal sum directed to be invested for her benefit to her children share and share alike."

There are, therefore, involved in this proceeding the three separate reliefs asked for, all of which of them depend upon the ruling of this court as to the construction of said second clause of decedent's will, and upon that decision rests the conclusion of the court as to the proper determination of the order to show cause and of the appeal from the order of the surrogate assessing the tax.

The clauses in the decree of September 25, 1895, and sought to be stricken from that decree, were made, as this court believes, upon due notice to all of the attorneys for the several parties interested herein, and no reason has been shown to this court why such clauses should be stricken from that decree. That relief asked for, therefore, in so far as it appertains to the petition and order to show cause, is denied. The court is loth to interfere with the said estate in relation to a decree not clearly shown to have been wrongfully or erroneously made, where the decree has stood for nearly 10 years in the present form in which we find it, and under which the trustee has acted in what we must conclude was entirely good faith, and under which Martha Elizabeth Vail, now deceased, has been paid through her guardian, her mother, the contestant herein, her annuities, as provided in the second clause of the will of James S. Vail; and as all parties had notice of the entry of that decree it is at that time that this objection should have been made, if any there might have been, and not have been delayed until this date, after the trustee has been acting for such a length of time under it.

The next point is the construction of the second clause in the will of James S. Vail. It seems clear that in the first part of this clause of the will $50,000 is given to Martha Elizabeth Vail, but it is provided that the executor shall invest that fund, and pay portions of the income, according to the age of Martha Elizabeth Vail, over to her mother, who shall expend the same for the support and education of the minor; and that when that minor marries and has a child living the whole fund and its accumulations should be paid to said Martha Elizabeth Vail, but, if she does not marry, and dies without a child living, the whole fund and its accumulations is given by the second clause of the will to other legatees, subject to the life interest in the mother of each of said legatees. The question, therefore, naturally arises, does this clause give to the daughter, Martha Elizabeth Vail, an absolute fee in the fund, or is same only contingent upon the happening of a certain event? Although the fund in this case is personal property, yet the definition under the real property law applies as well to this fund as to real estate:

"A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." Real Prop. Law (Laws 1896, p. 564, c. 547) § 30.

There is no distinction between real and personal property on the question as to whether a future estate is vested or contingent. In the

construction of a will the intention of the testator always controls, and the whole instrument must be taken together, and not from or under any particular provision or clause thereof, nor taken by itself. It is plain from the will that the testator intended to have his daughter properly educated and supported, a fund for that purpose to be held by the trustee until she attained the age of 21 years. Then she was to receive the whole income. The law seems to be well settled that where there is a bequest to a person absolutely, and in case of his death without issue to another, the contingency referred to is his death in the lifetime of the testator; but this rule does not apply when a point of time other than the death of the testator is mentioned to which the contingency can be referred, or where another provision of the will evinces a contrary intent; that where the language of the will is such as to give a fair and reasonable ground for a different construction, effect will be given to the language according to its natural import as referring to the death happening either before or after the death of the testator. Matter of Denton, 137 N. Y. 433, 33 N. E. 482; Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701; Mead v. Maben, 131 N. Y. 255; 30 N. E. 98; Wager v. Wager, 96 N. Y. 164. It is the plain intention of the testator that he contemplated the income from the fund which he provided for the support of his child after his death, for the reason that until he died the fund which was to produce this income, which could be accumulated, could not be in existence, or there could be no remainder to residuary legatees for that fund until after his death. This court is therefore of the opinion that the words "shall die without leaving a child or children of her own body" referred to the death of Martha Elizabeth Vail after that of the testator, and that she took a conditional fee or interest in the property, and that Henry S. Ketchum, Lucretia M. Worth, and Nettie V. Shrive took a contingent interest by way of executory devise, which, upon the happening of the contingency provided for in this will, which was the death of Martha Elizabeth Vail before she reached the age of 21 years, or upon her death without having reached that age without having been married and having a child born living of her body, was converted into a fee, and therefore this fund is not payable to the executrix of Martha Elizabeth Vail, but to those other persons provided for as residuary legatees in the second clause of said will.

In this connection another point is raised—that, in the event that this will is so construed that the fund is given to Mrs. Ketchum and Mrs. Worth and their children, there still remains the disposition of the income accumulated, and that the accumulations were void, as against the provisions of the personal property law (Laws 1897, p. 507, c. 417). It is provided in section 2 of that act that in all respects other than time, limitations of future or contingent interests in personal property are subject to the same rules prescribed in relation to future estate in real property. The real property law (Laws 1896, p. 568, c. 547, § 51, subd. 3, and section 53) provides that when, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their

accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate, and after that, if a direction for accumulation be for a longer term than during the minority of the beneficiaries, it shall be void only as to the time beyond such minority. It therefore follows that the validity of the trust in the principal, or the gift of the principal after the death of the first beneficiary, is not affected. Cochrane v. Schell, 140 N. Y. 513, 35 N. E. 971; Mills v. Husson, 140 N. Y. 99, 35 N. E. 422; Barbour v. De Forest, 95 N. Y. 13; Garvey v. Union Trust Co., 29 App. Div. 513, 52 N. Y. Supp. 260. The distribution of the principal should, therefore, follow the directions of the will, and the accumulated income should be directed to be paid to the persons entitled to the next eventual estate in the principal.

The daughter, Martha, took a conditional fee; the grandchildren took a contingent interest by way of executory devise. There was no vesting, and could be none except upon certain contingencies. The interests of these grandchildren did not become a vested right until after the death of Martha, without children, without having been married. Their interest, therefore, did not pass to them under this will until the happening of that event, which was in October, 1903, when Martha Elizabeth Vail died a minor, never having been married, and never having had children of her body living; and at that date the shares and interest of the several grandchildren became taxable under the transfer tax.

The appeal in the matter of the assessment of the transfer tax assessed upon the interests of Henry S. Ketchum, Lucretia M. Worth, and Nettie V. Shrive is hereby dismissed. An order should be accordingly entered affirming the assessment of that tax upon the several shares and interests as provided in the decree of this court dated January 18, 1904.

The relief asked for in the order to show cause heretofore granted herein is denied.

A decree should be made settling and passing the accounts of the trustee herein as the same are filed, no valid objections having been made thereto; and the distribution of the principal fund and accumulations thereon should be made pursuant to the provisions of the second paragraph of the will of James S. Vail, deceased.

The order hereinbefore provided for should be made upon three days' notice to the parties in interest.

Decreed accordingly.