Burnes, J.
Plaintiff John Angelo (“Angelo”) has moved for summary judgment on Count I of plaintiffs complaint for collection of judgment, along with statutory interest from the date the judgment was entered against Errol and Carolyn Martin (the “Martins”) on March 3, 1993; the defendants have moved to take discovery on their affirmative defenses.
For the reasons stated below, the defendants’ motion for discovery is DENIED and plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
This is an action to recover judgment in the amount of $227,010 entered against the defendants on March 3, 1993 in the United States Bankruptcy Court for the Eastern District of Louisiana in Adversary Proceeding No. 87-1416-TMB (In Re: Martin, Bankruptcy No. 86-14726 (the “Adversary Proceeding”).
In 1986, the defendants filed for bankruptcy under Chapter 7, in the United States Bankruptcy Court for the Eastern District of Louisiana. In 1987, Angelo filed an Adversary Proceeding (“underlying action”) in the bankruptcy court, seeking to have the amount of the debt owed to him be established and be ruled as non-dischargeable pursuant to 11 U.S.C. 523(a). The Martins appeared in the Adversary Proceeding and were represented by counsel.
On March 3, 1993, the court found that the debt owed to Angelo was in the amount of $227,010 and could not be discharged in bankruptcy. The Martins, who were represented by counsel, then appealed the judgment to the United States District Court for the Eastern District of Louisiana. The Martins did not succeed on appeal, so they appealed the ruling to the United States Court of Appeals for the Fifth Circuit. Again, on July 31, 1995, the bankruptcy decision was affirmed in all respects.
*550 Defendants admit that they have not satisfied the outstanding judgment. Angelo has brought this action in an attempt for satisfaction. On December 26, 2001 this court allowed the Martins to amend their answer to Angelo’s complaint to include two affirmative defenses, which were: 1) the debt (judgment in Civil District Court for the Parish of Orleans (Case No. 86-18854)), upon which they say the bankruptcy was predicated, was invalid as a result of improper notice in the state court action, and 2) the bankruptcy court judgment was procured by fraud.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Madsen v. Erwin, 395 Mass. 715, 719 (1985).
The Martins do not dispute that they have not satisfied the $227,010 judgment. Rather, they assert that they are not responsible for paying the judgment because Angelo committed pervasive fraud in the underlying action. Specifically, the Martins allege that Angelo submitted perjured testimony and false documents in the adversary proceeding. The Martins argue that the pervasive fraud would allow this court not to give full faith and credit to the Louisiana judgment. Thus, they say that summary judgment would not be warranted until they obtain additional discovery so that they could better document the pervasive fraud. See Mass.R.Civ.P. 56(f).
The Full Faith and Credit Clause of the United States Constitution (Article 4, §1) places the courts of the Commonwealth “under duty to accord prima facie validity to the [Louisiana] decree.” Esenwein v. Commonwealth, 325 U.S. 279, 280 (1945). “Full faith and credit requires that we give to the judgment of the [Louisiana] court the same finality that it would receive in [Louisiana].” Heron v. Heron, 428 Mass. 537, 538 (1998). A judgment of a sister state will not be avoided by a court of this commonwealth on the ground that it was obtained by fraud or misrepresentation in the trial of the case. Mooney v. Hinds, 160 Mass. 469, 470-71 (1894).
The Martins’ sole argument is that the judgment does not need to be recognized where it is procured by “pervasive” fraud. This argument ignores the well established distinction between “extrinsic” fraud and “intrinsic” fraud. Full faith and credit does not have to be accorded a judgment procured through extrinsic fraud. See 50 C.J.S. Judgments §§990, 991. Fraud which is intrinsic will not void a judgment. The distinction between extrinsic fraud and intrinsic fraud is as follows:
Intrinsic fraud is fraud which goes to the existence of a cause of action, and is held to be no defense. The American courts hold that a foreign [or state court] judgment cannot be attacked on the ground that it was procured by false testimony . . . The fraud which will be available to a [party] in his attack upon a [prior] judgment, in the main, is fraud which has deprived him of the opportunity to make a full and fair defense . . . Thus, extrinsic fraud must be in some matter other than the issue in controversy in the action.
In re Slater, 200 B.R. 491, 496 (1996) (alteration in original) (quotations and citations omitted). Extrinsic fraud goes to the litigant’s opportunity to have a full and fair hearing, whereas, intrinsic fraud consists of fraudulent acts that pertain to an issue in the original action which was litigated or could have been litigated therein. See United States v. Throckmorton, 98 U.S. 61, 65-66 (1878).
Here, the fraud claimed in the Martins’ answer is intrinsic in nature. The Martins do not allege fraud which deprived them of the opportunity to make a full and fair defense. The Louisiana judgment simply cannot be attacked on the ground that is was procured by false testimony. See Mooney, 160 Mass. at 470-71 (could not attack judgment made upon false evidence). Furthermore, the extrinsic fraud they do allege, lack of notice, did not occur in the adversary proceeding, upon which this action is based. Thus, this affirmative defense also cannot provide a basis to attack the judgment. Additional discovery would be fruitless, as the type of fraud the Martins allege, intrinsic fraud, does not provide a basis for this court to disregard the Louisiana judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment on Count I, Collection of Judgment, is ALLOWED as to liability. This matter shall be set for an assessment of damages, which shall address what state’s interest rate shall apply and from what date interest shall accrue. In addition, at the assessment of damages hearing, the parties may address whether attorneys fees are warranted. In addition, defendants’ motion for discovery is DENIED.