## Sterling's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

The facts appear from the following extracts from the adjudication of

SINKLER, J., auditing judge.—The trust fund now accounted for is one of three, of which accounts are now pending before this court. These three trusts have the following common history:

They were filed in the estate of Elizabeth R. Sterling, who died on June 12, 1903. The parents of this decedent were James Wood and Hannah Wood, who died November 2, 1867, and January 21, 1880, respectively.

Each bequeathed a fund in trust, to pay the income to Elizabeth R. Sterling, for life, and then to such person as she should appoint.

The fund here accounted for arises under the will of Hannah Wood, deceased. . . .

A single account covering these three funds was filed in 1936, in the estate of Elizabeth R. Sterling, deceased. In the adjudication filed on July 2, 1936, by Van Dusen, J., this irregularity was noted by the court, it being stated in the adjudication that "this matter is entitled in the estate of Elizabeth R. Sterling, but the fund to be accounted for actually includes a portion of the estate of her father, James Wood, and also a portion of the estate of her mother, Hannah Wood, over each of which she had a power of appointment. These estates have been mingled with her own estate, and the only separation which can be made is in fractional parts as hereinafter indicated."

The learned auditing judge then proceeded to dispose of the funds accounted for as though three separate accounts had been filed. Considering the audit as the audit of three separate trusts, the auditing judge considered separately the validity of each of the trusts and concluded that the ultimate remainders established in two of the trusts violated the rule against perpetuities, but that the third trust was valid in all its provisions. The separate character of the trusts was further recognized by the following awards made by the auditing judge:

"The account shows a balance of principal for distribution . . .

"(1) . . . of which 46.2%, representing the estate of James Wood, is awarded one fourth to Julien B. Dupuy subject to assessment and payment of transfer inheritance tax upon the estate of Elizabeth D. F. Wilfong, and one half to The Pennsylvania Company for Insurances on Lives and Granting Annuities and Julien B. Dupuy, trustees under the will of James

Wood, deceased, of the trust for Julien B. Dupuy declared by the will of Susan B. Dupuy under the power given her by the will of Elizabeth R. Sterling;

"(2) . . . 25.8% is awarded to The Pennsylvania Company for Insurances on Lives and Granting Annuities and Julien B. Dupuy, trustees under the will of Hannah Wood, deceased, of the trust for Julien B. Dupuy declared by the will of Susan B. Dupuy under the power given her by the will of Elizabeth R. Sterling;" and

"(3) . . . 28% is awarded to The Pennsylvania Company for Insurances on Lives and Granting Annuities and Julien B. Dupuy, trustees under the will of Elizabeth R. Sterling, deceased, of the trust of Julien B. Dupuy declared by the will of Susan B. Dupuy."

The auditing judge directed that "as securities are converted the trusts should be set up separately as described above. It may be that different persons will be entitled to the different parts, and the parts should be separated."

As already stated, the three accounts now pending before the court were filed in the "estate of Elizabeth R. Sterling, deceased." This is in violation of the now-established practice of accounting for an appointed estate in the estate of the donor of the power. In respect to two of the trust funds—those established by James Wood and Hannah Wood—Elizabeth R. Sterling was the donee of the power. Only as to the third fund was she the donor. The principal reason for the present rule requiring the accounting to be made in the donor's estate is that this protects persons having claims against the donor's estate and facilitates the proper application of the rule against perpetuities. In the instant case, the parents of Elizabeth R. Sterling died in 1867 and 1880, respectively, so that it may be assumed that there are no claims outstanding against their estates. Furthermore, the rule against perpetuities has already been properly applied by the prior

adjudication. The trust estates are now terminated, so that no further accountings will be necessary. Under these circumstances, the irregularity of the filing of all three accounts in the estate of Elizabeth R. Sterling, deceased, will be waived.

The account, on which this adjudication is filed, accounts for what will be called the "Hannah Wood" trust fund. This trust terminated with the death, on July 7, 1942, of Julien B. Dupuy, and it is stated in the petition for distribution that the account is filed for that reason.

Under the principles applied in the prior adjudication, the gift over on the death of Julien B. Dupuy, made by the exercise of a power of appointment in the will of Susan B. Dupuy, violates the rule against perpetuities because Julien was not a life in being at the time of the death of the donor of the power. Such appointment being invalid, the property passes in default of appointment under the will of Elizabeth R. Sterling to Julien B. Dupuy and Elizabeth D. Fitler Wilfong. As Julien has died, his share will be distributed as part of his estate. As above stated, Elizabeth D. Fitler Wilfong has died, her estate has been completely administered, and her executrix discharged. Rather than necessitate a further administration of her estate, her share will be awarded to her residuary legatee. Julien B. Dupuy is the residuary legatee and the share of Elizabeth D. F. Wilfong will, therefore, be distributed directly as though part of the estate of Julien B. Dupuy, subject to such taxes as may be due the Commonwealth of Pennsylvania.

At the audit Isaac A. Pennypacker, Esq., appeared on behalf of Vera Jevne Dupuy, in her individual capacity as widow of Julien B. Dupuy and appointee under his will, and in her fiduciary capacity as executrix of his will. On her behalf as widow and legatee, Mr. Pennypacker contended that Elizabeth R. Sterling had blended the funds received from her parents with

her own estate; that such blending extinguished the powers of appointment under the wills of the parents; that the fund now accounted for passes to Vera Jevne Dupuy by the testamentary appointment made by Julien B. Dupuy in the exercise of the power conferred by the will of his mother, Susan B. Dupuy, over the trust created by the will of her mother, Elizabeth R. Sterling; and that consequently the only transfer inheritance tax on the funds appointed to Vera Jevne Dupuy is the collateral tax of five percent in force at the death of Elizabeth R. Sterling in 1903.

As the existence of a blending might affect the application of the rule against perpetuities, the question of its existence is properly before the court. It is concluded, however, that in view of the record in these estates it cannot now be asserted by Vera Jevne Dupuy that the three trust funds had been blended. Her husband, Julien B. Dupuy, was represented at the prior audit by Isaac A. Pennypacker, Esq. As above set forth, the adjudication filed at that time treated the three trust funds as separate estates, applied the rule against perpetuities to each as a separate estate, made three separate awards of the trust funds, and finally cautioned the accountants to maintain the trusts as separate funds.

This adjudication, to which no exceptions were taken by Julien B. Dupuy or by any other person, was a judicial determination that the three funds were separate trust estates arising under three different wills. Were Julien B. Dupuy now alive, the principle of res judicata would bar him from asserting that the estates had been blended. Whether the issue of blending was specifically raised or not at the former audit is not material, for the action of the court in treating the estates as separate trusts was inconsistent with the contention that there had been a blending. The opportunity for raising the issue was present, and whether or not it was availed of does not affect the operation

of the principle of res judicata. Julien B. Dupuy would, therefore, be barred from now asserting that there had been a blending. His widow, whether viewed as the successor in title to her husband or as the appointee of a power of which her husband was donee, cannot be permitted to assert a claim which her husband would be barred from asserting because of the application of res judicata.

The contention advanced on behalf of Vera Jevne Dupuy is, therefore, dismissed. . . .

*Isaac A. Pennypacker*, for exceptant.

*Charles J. Biddle* and *Thomas Reath*, contra.

LADNER, J., May 28, 1943. — The exceptant was awarded the balance shown in the account as residuary legatee of her husband's estate.

By the exception it is complained that the auditing judge should have found that Elizabeth R. Sterling by her will blended her individual estate with the appointive estate of which she had a general power of appointment under the will of James Wood, deceased, and that on such a finding the exceptant should have had the award made to her as appointee. The purpose of pressing the exceptions is to obtain the advantage of a lower inheritance tax rate, which an award as appointee would bring.

The learned auditing judge in a clear and convincing adjudication ruled that as Judge Van Dusen, at a prior audit of this same trust fund, found there was no blending the exceptant was precluded from again raising the question, since her husband (through whom she claims, whether as devisee or appointee) was a party to the prior proceeding.

We can add nothing with profit to Judge Sinkler's satisfactory discussion of the controlling principles, and therefore the exceptions are dismissed and the adjudication now confirmed absolutely.