Coven, J.
This is a suit to enforce a California judgment. The defendant, who did not appear in the California action, argued that Massachusetts should not give full faith and credit to the California judgment because it was obtained by fraud. Following a jury-waived trial, the judge issued findings of fact and rulings of law to the effect that while the California court lawfully exercised personal jurisdiction over the defendant,[2] the judgment it issued was procured by fraud. The judge refused to recognize the California judgment, and the plaintiff filed this Dist./ Mun. Cts. R. A D. A., Rule 8A expedited appeal.[3]
*37 We summarize the judge’s findings. Defendant Jim Clement (“Clement”) is the owner of “Mr. C’s Music,” a company that sells musical instruments and is located in Massachusetts. Mr. C’s Music advertises its inventory on a website. Plaintiff Andy Liu (“Liu”), a California resident, accessed the website and contacted Clement about a guitar shown on that site. On June 5,1999, Liu purchased the guitar. Arrangements were made to have the guitar shipped to Liu’s California residence via United Parcel Service. Liu received the guitar sometime between June 7 and June 21,1999.
After receiving the guitar, Liu contacted the guitar’s manufacturer and learned, based on the serial number of the guitar, that the instrument was manufactured in 1990 and not 1993 as was represented on the website. On July 14,1999, Liu sent Clement a letter complaining of damage to the guitar and of Clemenfs “con-ductjing] a fraudulent transaction by selling a used damaged guitar as new.” Liu demanded a full refund and referenced the Massachusetts Consumer Protection Act, G.L.c. 93A.
On July 13, 2001, Liu filed a complaint in the Superior Court of California, Orange County, against Clement alleging a breach of contract and fraud. Liu specified that the date of the contract breach and the date of the fraud was July 14, 1999, the date he alleged the contract for sale was entered into. Clement was served with process, and responded to Liu’s complaint with a letter to the court. However, because no filing fee accompanied the letter, Clemenfs response to the complaint was not accepted for filing. Clement did not appear in the California proceeding, and a default judgment was entered against him on April 3,2002.
The trial judge in this action also found that Liu intentionally declared July 14, 1999 as the date on which his contract action accrued so that his California suit would fall within what Liu believed was the applicable statute of limitations period for an action for breach of an oral contract.[4] The judge further found that while Liu’s action was timely under the statute of limitations set forth in either the California Code of Civil Procedure or the California Uniform commercial Code,[5] “it would have been evidence that Liu was attempting a fraud on the courf ’ if the all of the evidence presented in this Massachusetts action had been before the California court that issued the default judgment against Clement.[6]
Having found Liu’s fraudulent intent, the trial judge invoked Mass. R. Civ. P, Rule 60(b)(3), which allows a court to vacate a judgment based upon “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[,j” and relieved Clement from the default judgment that had entered against him in California.
*38 The enforcement of a sister state judgment is not governed by Rule 60(b) (3). Enforcement is a matter of federal constitutional and statutory mandate. Article 4, §1 of the United States Constitution provides, in relevant part, that “[fjull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.” See also 28 U.S.C. §1738 (judicial records “shall have the same full faith and credit in every court within the United States... as they have by law” in the state rendering the judgment). This “requires that we give to the judgment of the [California] court the same finality that it would receive in [California].” Heron v. Heron, 428 Mass. 537, 538-539 (1998).
Nothing in this case would permit or constitute an exception to this constitutional mandate. First, the trial judge’s finding of Liu’s fraud is not supported. A general finding was entered in favor of Liu. His California complaint contained two counts for breach of contract and fraud. The trial judge found that by California law, a four year statute of limitations applied to Liu’s contract claim. Thus, Liu’s intentional misrepresentation, if it occurred at all, was immaterial. Moreover, even if the misrepresentation had been discovered, California’s Code of Civil Procedure, §338 (d), provided a three-year statute of limitations for claims based upon fraud; Liu’s action was, therefore, timely filed irrespective of any other representation. Second, California would not disturb the judgment. A misrepresentation of material facts in any action is deemed to be intrinsic fraud, Home Ins. Co. v. Zurich Ins. Co., 96 Cal. App. 4th 17, 27 (2002), and does not constitute a basis for vacating a default judgment. Heyman v. Franchise Mortg. Acceptance Corp., 107 Cal. App. 4th 921, 926 (2003). Finally, as our Supreme Judicial Court held long ago, a court of this Commonwealth will not avoid a judgment of a sister state on the ground that it was obtained by fraud or misrepresentation in the trial of the case. Mooney v. Hinds, 160 Mass. 469, 470-471 (1894).
Judgment reversed.
So ordered.

 The defendant did not file a cross-appeal challenging this finding, nor did he present adequate argument in his brief on this appeal that the finding was in error. We decline, therefore, to review it.

 The record does not indicate that either party filed any Mass. R Civ. R, Rule 64A requests for rulings of law. Normally, that failure would be dispositive of the appeal. “[Ajppellate review in District Court non jury civil proceedings is limited to issues of law properly raised in the trial court and preserved for appeal by the filing of requests for rulings.” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. Where, however, a judge makes voluntary findings of fact and rulings of law, the failure to file requests for rulings is not fatal. A party may appeal those findings and rulings. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96.

 California’s Code of Civil Procedure, §339, provides a two year statute of limitations for oral contracts. However, as recognized the trial judge herein, the California Uniform Commercial Code, §2725, provides for a four year period of limitations for breach of contract, whether written or oral, involving the sale of goods.
The finding of Liu’s intent as inferred from his action has not been raised as an issue on this appeal. We note that it is perhaps more likely that Liu used the date of July 14, 1999 as the date of breach because it was on that date that Liu sent a demand letter for the return of his money to Clement.

 It would appear, however, that if the Civil Procedure Code statute of limitations controlled, Liu’s claim would have been time-barred.

 It is unclear what evidence was before the court. We gather that the evidence to which the judge referred consists of Clemenfs written response to the Liu’s complaint and the sales slip attached to the response, neither of which were accepted for filing in California because of Clemenfs failure to tender a filing fee. This evidence indicates that the sale of the guitar occurred on June 5,1999.