Barrett, J.
Defendant William P. Henry, d/b/a Ashley Trucking (“Henry”), entered into a “lease purchase” of his truck with Pete Nicklas (“Nicklas”) that provided for Nicklas’s $1,000.00 per month payments to be applied toward Nicklas’s purchase of the truck for $20,000.00. The contract provided that, during the term of the lease, Nicklas would be “responsible for all matience [sic] and running expenses” and Henry’s “Ashley Trucking” decal was to remain on the truck door. Two months into the lease, the truck broke down and Nicklas brought it to plaintiff MCS Enterprises, Ltd., d/b/a North Atlantic Kenworth (“MCS”), for repairs. Nicklas signed MCS’s repair order, agreeing to be responsible for the cost of repairs. Upon completion of the repairs, however, Nicklas refused to pay MCS’s bill for $5,254.63. MCS refused to release the truck, relying on G.L.c. 255, §25 (statutory mechanic’s lien) to secure payment of its bill. Henry was made aware of the repairs and MCS’s lien only when MCS contacted Henry regarding the lien provision’s sale rights. In his answer to MCS’s complaint, Henry denied that he authorized the repairs to his vehicle and counterclaimed for MCS’s conversion and violation of G.L.c. 93A. On cross-motions for summary judgment, the court ruled in favor of Henry, assessed damages of $22,000.00, and ordered the truck returned to Henry. MCS appeals the allowance of Henry’s Mass. R. Civ. R, Rule 56 motion, the denial of its motion, and the court’s method of assessing damages. The allowance of Henry’s motion for summary judgment was error.
1. Summary judgment may be granted only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 283 (1997). The moving party bears the burden of affirmatively showing that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
MCS argues for the first time on this appeal that it was entitled to summary judgment in its favor based on the lien priorities established by G.L.c. 255, §35, which provides, in relevant part:
As against a conditional vendor or lessor ... the lien of a bailee of the vendee or lessee ... on property exceeding twenty dollars in value, for consideration furnished, without actual notice of the conditional sale or lease, shall prevail....
*48 Legal theories advanced for the first time on appeal will not generally be considered in determining whether summary judgment should have been granted. Fidelity Mgm. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996). And while “there may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court... below,” Cruz v. Commissioner of Pub. Welfare, 395 Mass. 107, 111 (1985), quoting Hormel v. Helvering, 312 U.S. 552, 557 (1941), we do not find this to be such a case. Gaw v. Sappett, 62 Mass. App. Ct. 405, 410-411 (2004). The reason is that §35 would not require judgment for MCS on the basis of the record before us.
Examining the record in light of G.L.c. 255, §35, we have little difficulty in concluding that the “Lease Purchase” arrangement, as defined in the contract between Henry and Nicklas, is a conditional sale. See Carlo Bianchi & Co. v. Builders’ Equip. & Supplies Co., 347 Mass. 636, 644 (1964); cf. Marine Midland Bk., NA v. Moran, 1994 Mass. App. Div. 167, 169. Henry is a “conditional vendor” and Nick-las is a “vendee” as those terms are plainly used in the statute. The dispositive question under §35 is whether the inference can be drawn that MCS had actual knowledge of the sales contract. In order to defeat the priority of MCS’s lien under §35, the burden of proof would be on Henry to show such knowledge. Dunbar-Laporte Motor Co. v. Desroscher, 247 Mass. 292, 295 (1924). The record contains evidence that the truck was to have displayed Henry’s Ashley Trucking decal until Nicklas took title to the truck and that MCS was to bill Nicklas directly. This evidence would support the inference that MCS had knowledge of the contract, sufficient to defeat the priority of its lien. Therefore, we are not persuaded that an “injustice might otherwise result,” were we not to consider MCS’s §35 argument, and decline to exercise our discretion to depart from the traditional practice of considering waived any legal argument on appeal that was not presented in the trial court.
2. The review of a grant of summary judgment is de novo. Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003). See also Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 123 n.l (1997); Casavant v. Norwegian Cruise Line, Ltd., 63 Mass. App. Ct. 785, 792 (2005). It is clear from a review of the record that a common issue of fact underlies both MCS’s claim of a G.L.c. 255, §25 lien and Henry’s claim for MCS’s alleged conversion and violation of G.L.c. 93A. The issue is one of “consent.” MCS’s claim of a lien is based upon its argument that it repaired the truck with the implied consent of Henry. Henry’s conversion and G.L.c. 93A claims are predicated upon his assertion that MCS wrongfully exercised control over the truck because its repair work was unauthorized. Whether or not the repairs were authorized so as to enable MCS to claim a statutory lien is dependent upon Henry’s consent, express or implied.
The issue of consent is normally a question of fact. The record indicates that no “express” consent was given by Henry for the repairs. But the question of “implied” consent is less clear. Henry and Nicklas executed an informal agreement that required Nicklas to pay for the truck’s maintenance and running expenses. Those terms are not further defined in the agreement, and it is unclear whether the parties intended for Nicklas to have a duty to maintain the truck in a particular condition. In such a case, a stronger argument would follow that Henry knew the truck would be the subject of repairs and could have anticipated, and thus impliedly consented, to those repairs. On the other hand, the parties might have intended that Nicklas simply cover repair expenses that might arise during the term of the agreement, while not necessarily contemplating any such repairs. In that case, any inference as to Henry’s implied consent is a bit more tenuous. Certainly, keeping the truck in good condition would benefit Henry in the event it was repossessed. But the mere consensual possession by Nicklas of the truck *49 does not raise an inference that Henry subordinated his interest to that of MCS. Because the truck obviously had value to both Henry and Nicklas, it could be inferred that any repairs made were for both the benefit of Nicklas (continued use) and Henry (maintenance of the value of the truck should it be returned). Notwithstanding the terms of the “Lease Purchase” agreement that placed the costs of maintenance upon Nicklas, a reasonable juror could find that Henry consented to repairs being made to its truck during the term of the agreement for the truck’s preservation and value. Guaranty Security Corp. v. Brophy, 243 Mass. 597, 599 (1923). Therefore, we conclude that there exists an issue of material fact as to implied consent under both the common law and the statute.
Accordingly, we affirm the court’s denial of MCS’s summary judgment motion, vacate the court’s allowance of Henry’s summary judgment motion, and return this case to the Stoughton District Court for trial.[3]
So ordered.

 It is thus unnecessary to address the issue of damages.