Brant, J.
In October, 2002, plaintiff Advance Me, Inc. (“Advance”) contracted with defendant Catfish Grille, Inc. (“Catfish”), a restaurant, to pay $9,500.00 in exchange for a twenty (20%) percent interest in future Catfish credit card receivables, up to a maximum payment of $12,850.00. Defendant Anthony Russo (“Russo”), the co-owner of Catfish at the time the parties contracted, executed the “merchant agreement” on behalf of the corporation and also gave his personal written guaranty.
Alleging that it had fully performed its contractual obligations by paying $9,500.00 to Catfish, Advance brought this suit in December, 2005 against both Catfish and Russo to recover what it claimed was the unpaid balance due under the merchant agreement. Russo quickly settled with Advance. Catfish answered denying any indebtedness to Advance, and counterclaimed for usury.
Advance filed a motion for summary judgment supported by an affidavit from Russo in which he described the parties’ agreement and asserted that Advance had satisfied its contractual obligation by paying $9,500.00 to Catfish. Russo also indicated the he had made payments to Advance, as the personal guarantor, in the amount of $2,900.00.
In opposition to the summary judgment motion, Catfish filed a counteraffidavit by Robert E. Lockwood (“Lockwood”), who had purchased Catfish from Russo and a now-deceased former co-owner. Lockwood’s affidavit stated that his review of the Catfish books from the date of the parties’ merchant agreement forward disclosed no $9,500.00 payment by Advance to Catfish.
Ruling that there were no material facts in dispute, the motion judge granted summary judgment for Advance on both its complaint and Catfish’s counterclaim. Judgment was entered for Advance in the amount of $10,350.54, plus costs and interest. Catfish appealed.
It is elementary that “[sjummary judgment may be granted only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.” MCS Enters., Ltd. v. Henry, 2006 Mass. App. Div. 47, 48. “Summary judgment for a plaintiff may, of course, be properly granted.” Public Works Supply Co. v. C & O Enters., Inc., 2006 Mass. App. Div. 85, 86. Advance’s materials were sufficient to satisfy its burden as the Rule 56 moving party and to shift to Catfish the obligation to advance specific facts demonstrating the existence of a genuine factual dispute necessitating a trial on the merits. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Allen v. Intralearn Software Corp., 2006 Mass. App. Div. 71, 73.
Catfish’s counteraffidavit by Lockwood was sufficient, in turn, to raise material issues as to whether Advance had fully performed under an existing contract As indicated, *19 Lockwood described his examination of Catfish’s accounts and averred that no $9,500.00 deposit or payment had been received on or after the date of the parties’ merchant agreement Lockwood also averred that while Catfish disclosed other outstanding obligations and liabilities during negotiations for his purchase of the restaurant, there was no mention of any arrangement between Advance and Catfish. Thus, based on the Lockwood affidavit, material questions remain as to whether there was a continuing agreement between Advance and Catfish and, if so, whether Advance had fully performed under that contract “The existence of any genuine question of material fact necessarily precludes the proper entry of summary judgment” Carter v. Seto, 2005 Mass. App. Div. 62, 64.
Accordingly, judgment for the plaintiff is vacated, the allowance of the plaintiff’s summary judgment motion is reversed, and the case is returned to the Gloucester Division of the District Court Department for trial.
So ordered.