Greco, P.J.
The plaintiff, William Santiago (“Santiago”), has appealed both the denial of his request that the trial court order substitute service on the defendant, Laurie A. Márchese (“Márchese”), and the subsequent dismissal of his complaint for lack of service. In his complaint, filed on December 30, 2004, Santiago alleged that Márchese, without a proper basis, sought and received an abuse prevention order against him under G.L.c. 209A, and that her actions amounted to malicious prosecution and an abuse of process. Upon finding Santiago to be indigent, G.L.c. 261, §27C, the trial court waived the filing fee.[1] However, the trial court denied Santiago’s request for the appointment of a constable to serve process, or for other alternative service, including by publication. That denial was reversed on appeal by this Appellate Division. Thereafter, the trial court ordered that “a constable may attempt to serve the defendant at no cost to the [pjlaintiff.” Such service was attempted by a deputy sheriff of Middlesex County who, on January 17, 2008, filed the following return of service:
I have made a diligent search for ... LAURIE A. MARCHESE AT 25 FOURTH ST. MEDFORD, MA 02155 and for... [her]... last and usual place *84 of abode, and for [her] tenant, agent, or attorney, but could not find him/her/it within this county.
The deputy sheriff “therefore return [ed] this writ of service,” with the notation, “DEFENDANT DOES NOT LIVE AT THIS ADDRESS.” Subsequently, the complaint was dismissed for lack of service pursuant to Mass. R. Civ. R, Rule 4(j). Santiago repeatedly filed motions to reconsider, which were all denied. In February of 2005, Santiago, believing that Márchese worked in the Boston Public School system, sought verification of such employment; he was notified by the school system that she was no longer in its employ.
In his appendix on this appeal, Santiago, appealing pro se, did not include a copy of his complaint. We have sought and received a copy from the trial court. Dist./Mun. Cts. R. A D. A, Rule 18(b). From this expanded record, we glean the following. Márchese sought a restraining order against Santiago on January 30,2001. In her affidavit in support of that request, she stated that she had dated Santiago “off and on” for seven to eight years; that since the end of the relationship, he had been making numerous unwanted calls to her (sometimes up to 10-15 times a day) at home and at work; that he had sent “a threatening letter to a male administrator” with whom she worked in an effort “to stop a potential dating relationship” between her and the administrator, that Santiago had physically and mentally abused her in the past; and that she was “concerned with [her] safety and job security.” On January 30, 2001, a temporary G.L.c. 209A order was issued on an ex parte basis, effective through February 7th. On that day, Márchese appeared to seek an extension of the order. Santiago, however, did not appear in court. Notice of the February 7th hearing had been sent to Santiago at the Massachusetts Correctional Institution at Shirley. The judge presiding over the hearing on the restraining order assumed that notice was sent to Santiago at the institution, proceeded with the hearing, and extended the G.Lc. 209A order for a year. There were several further extensions until the Appeals Court, on September 9, 2003, vacated the original order and all subsequent extensions. See L.M. v. Santiago, No. 01-P-1422 (Mass. App. Ct. Sept. 9, 2003) (unpublished Rule 1:28 decision). Santiago relies on this action by the Appeals Court to show that Marchese’s litigation, i.e., the G.L.c. 209A proceeding, “terminated in [his] favor.”[2]
The Appeals Court decision noted above referred to a companion case, No. 02-P-492. An examination of the docket in that case reveals that this second appeal also arose out of a matter in the Somerville District Court wherein Santiago brought an action against Márchese. Although there is no indication of the nature of that claim, the Appeals Court affirmed the order of the trial court dismissing it. It appears that service was not effected on Márchese in that case. The papers in this prior lawsuit against Márchese would have been available to the judge in the matter before us. See Miller v. Norton, 353 Mass. 395, 399 (1967).
Pursuant to Mass. R. Civ. P., Rule 4(d)(1), “[i]f the person authorized to serve process makes return that after diligent search he can find neither the defendant, *85 nor the defendant’s last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.” See also G.Lc. 227, §6; G.L.c. 223, §34; Mass. R. Civ. R, Rule 4(e) (5).
Publication is a recognized method of giving notice of a judicial proceeding. (Citations omitted.) It is often employed in our practice, usually in connection "with other methods. But it is a notoriously inefficient method, and in general the policy of the law requires that it be relied upon only as a last resort.
Young v. Tudor, 323 Mass. 508, 514-515 (1948). See also Boston v. James, 26 Mass. App. Ct. 625, 629 (1988) (“It is true that where more efficacious service is shown to be unattainable within reason, publication [or the like] may be held adequate as due process.”). Rule 4(d) (1) addresses what a court may do as opposed to what it shall do. Thus, it was within the trial court’s discretion whether to order service by publication or by any other method (although the plaintiff did not suggest any other alternative methods). That there be some type of service is not a mere formality that allows a civil case to go forward. As stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), quoted in Boston v. James, supra at 628, “[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane, supra at 314. In acting on Santiago’s motion, the trial court in this case had to consider that “when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.” Id. at 315.
It was within the trial court’s discretion in this case to conclude that Santiago did not make a sufficiently diligent search to locate Márchese, and that publication would have been an empty gesture. Santiago had a relationship with Márchese over a substantial period of time. Notwithstanding his incarceration, he has exhibited no problem communicating with the court system. However, other than his inquiry to the Boston school system, he does not appear to have made any effort to ascertain Marchese’s whereabouts by communicating with any relatives of hers he might know or any acquaintances they may have had in common. Nor does he represent that he does not know of any such individuals. Moreover, years have gone by. According to Santiago, Márchese last went before the trial court on the c. 209A proceeding in February of 2003. As reflected in the Appeals Court’s docket in No. 02-P-492, mail sent to Márchese by the court as far back as September of 2003 was returned. There is no evidence of where she may be — within the Commonwealth or without. The trial court essentially would have been guessing what newspaper to use. The likelihood of Márchese seeing any newspaper notice is remote; the probability of her suffering a default judgment is great. While it may be likely that any such judgment would be vacated if Márchese later learned of it and filed the appropriate motion, there may be collateral consequences in the meantime. In any event, “lack of prejudice to the defendant, even if established, is not a relevant Rule 4 © con *86 sideration.” Navin v. Lutts, 2000 Mass. App. Div. 58, 60. In these circumstances, service by publication could reasonably have been considered a hollow gesture.
Santiago also argues that even if it was not error to deny his motion for service by publication or some other alternative, the dismissal of his complaint should have been without prejudice. He is correct. See Rule 4(j). See generally Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26 (1992). However, there is nothing in the docket of the trial court indicating that the dismissal in this case was, in fact, with prejudice. In any event, so as to avoid any ambiguity, the case is returned to the Somerville Division of the District Court Department for entry to be made that the judgment of dismissal dated February 7, 2008 was without prejudice. In all other respects, the judgment of the trial court is affirmed.
Appeal dismissed.
So ordered.

 At all times relevant here, the plaintiff was incarcerated in Massachusetts.

 It would appear more likely that the action of the Appeals Court was grounded on the lack of notice to Santiago of the G.L.c. 209A hearing. If so, the vacating of the order did not relate to the merits of Marchese’s petition.