Williams, P.J.
The defendant, Estera Halpern (“Halpern”), has appealed the summary judgment entered against her in this action by the plaintiff, the University of Pennsylvania (“Penn”), to enforce a judgment it had obtained against her in Pennsylvania. Halpern claims that the Pennsylvania judgment is not entitled to full faith and credit in Massachusetts because service of process on her was never made by Penn in the Pennsylvania action, and because the complaint in this Massachusetts action against her was fatally defective. We disagree, and dismiss the appeal.[1]
In 2006, Penn obtained a default judgment against Halpern in Pennsylvania for $12,802.69 in an action on two unpaid student loans.[2] Penn commenced this action to recover on the Pennsylvania judgment. Penn then moved for summary judgment, Mass. R. Civ. P., Rule 56, on the ground that the full faith and credit clause, art. IV, §1 of the United States Constitution, obligated Massachusetts to enforce the Pennsylvania judgment. Section 1 of art. IV provides, in relevant part, that “[fjull faith and credit shall be given in each state to the ... judicial proceedings of every other state.” See, e.g., Bishins v. Richard B. Mateer, P.A., 61 Mass. App. Ct. 423, 428-430 (2004) and cases cited. Penn argued that Halpern could defend against this Massachusetts suit only by showing that Pennsylvania had lacked either subject matter jurisdiction or personal jurisdiction over her, or that Penn’s judgment against her had violated due process, and that she could establish none of these defenses. See First Nat'l Bank of Houma v. Bailey, 29 Mass. App. Ct. 193, 199 (1990). Penn’s *173 motion was allowed. Judgment entered against Halpern for $18,064.24.
We review an allowance of a summary judgment motion de novo. McGrath v. ACT, Inc., 2008 Mass. App. Div. 257, citing Howell v. Enterprise Publ. Co., LLC, 72 Mass. App. Ct. 739, 741 (2008).[3] We must determine “whether, ‘viewing the evidence in the light most favorable to [Halpern], all material facts have been established and [Penn] is entitled to a judgment as a matter of law.’” Pinto v. Revere-Saugus Riding Academy, Inc., 74 Mass. App. Ct. 389, 393 (2009), quoting Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-637 (2007). See also Mass. R. Civ. P., Rule 56(c); Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008). Upon Penn’s submission that no material fact issue existed, Halpern, in order to defeat the motion, must have either advanced specific facts that demonstrated the existence of a genuine issue of material fact, Advance Me, Inc. v. Catfish Grille, Inc., 2007 Mass. App. Div. 18, or established a legal impediment to Penn’s entitlement to judgment.[4]
Because Halpern did not appear in the Pennsylvania action, she was restricted in this action to litigating the sole issue of whether the Pennsylvania court properly exercised personal jurisdiction over her.[5] Victory Packaging Corp. v. W.I. Donovan, Inc., 2003 Mass. App. Div. 148, 149. See also Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 969 (1976); Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 206-210 (1909), aff’d, 225 U.S. 111, 135 (1912). “Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?” Caplan v. Donovan, 450 Mass. 463, 465 (2008), quoting Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). Halpern argues that the allowance of Penn’s summary judgment motion was error because the Pennsylvania court lacked personal jurisdiction over her given Penn’s failure to effect proper service of process on her in that action. Specifically, focusing on the trial court’s endorsement on Penn’s motion noting that she was served (in the Pennsylvania action) by publication in the Boston Herald, Halpern argues that such mode of service was improper, and, indeed, constitutionally infirm.
Before we discuss the methods of service Penn used as to Halpern, we observe that Halpern, in signing the subject promissory notes, not only consented to the jurisdiction of Pennsylvania courts in actions concerning the notes, but also agreed that “mailing to [her] last known address by registered mail shall constitute lawful and valid process.” Pennsylvania courts have recognized the efficacy of such a contracted-for means of service. “Since a defendant may consent to jurisdiction of [her] person and since [s]he may waive defects in such service, [s]he may certainly con *174 sent to the jurisdiction of the court over [her] person without exacting performance of the usual legal formalities as to service of process.” Continental Bank v. Brodsky, 225 Pa. Super. 426, 430 (1973). See also First Union Commercial Corp. v. Medical Mgt. Servs., 47 Pa. D. & C. 382,386 (2000), quoting, inter alia, National Equip. Rental Ltd. v. Szukhent, 375 U.S. 311, 316 (1964) (“Parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.”). Halpern would seem to have consented, therefore, to service by the mailing of registered (or certified) process[6] without requiring Penn to show her actual receipt of that mailing.
Even if that contractual service were deemed ineffective, we find Halpern has failed to raise any genuine issue of material fact as to whether the Pennsylvania judgment was secured without Penn having properly obtained personal jurisdiction over her, or without due process. Penn demonstrated that it had sought to serve Halpern at her Brookline address by certified mail, return receipt requested — which was returned marked “unclaimed” — by “regular” mail, and by publishing notice in the Boston Herald on November 19, 2005. These methods of service were ordered by the Pennsylvania court in response to Penn’s motion for alternative service, after Penn had tried to serve Halpern twice before, in July and, September, 2005. (What methods of service were used on those occasions is unknown.) Pennsylvania’s long-arm statute governing service of process on persons outside that Commonwealth provides for service “ [b]y any form of mail addressed to the person to be served and requiring a signed receipt.” 42 Pa. Cons. Stat. Ann. §5323(3). Pennsylvania’s rules of civil procedure allow for service by “any form of mail requiring a receipt signed by the defendant or [her] authorized agent.” Pa. R. Civ. P. 403.[7] That rule goes on to pro *175 vide that “ [i]f the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.” Rule 403 (2). Penn sought to serve Halpern using three modes simultaneously. If the signed-receipt service for which Halpern contracted is set aside as invalid under the Rules because it was unclaimed, the question becomes whether either the “regular” mail service or the service by publication sufficed because they were authorized by Pennsylvania law and satisfied due process. It is particularly the publication service that Halpern attacks as violative of due process.
Turning first to the regular mail, such service on out-of-state defendants is sanctioned only when receipt-required mail is refused, as opposed to unclaimed. Unclaimed process, unlike a refusal, which is intentional, does not alone give rise to an inference that a defendant is purposefully evading service. Kucher v. Fischer, 167 F.R.D. 397, 398 (ED. Pa. 1996). See also Interdigital Communications Corp. v. Evans Partners, 1996 WL 660934 at *1 (E.D. Pa. 1996). Further, a notation of “unclaimed,” rather than “refused,” is generally insufficient to satisfy requirements of service by ordinary mail under Pennsylvania law. Kucher, supra at 398; Interdigital Communications Corp., supra. Under Rule 403(1), “service is authorized by ordinary mail only in a limited circumstance. Process must first be sent by a form of mail requiring a receipt signed by the defendant.... The item must be returned with the notation, ‘refused to accept the mail,’ or its equivalent. ...” Interdigital Communications Corp., supra. Thus, Penn’s regular-mail service was also ineffective.
As to the publication service, however, Pennsylvania explicitly permits such service by court order following motion.[8] Pennsylvania’s civil rules set out certain formal requirements necessary to validate that mode of service. But although Halpern, a member of the Massachusetts bar, notes Rule 430, she does not suggest that the Pennsylvania court erroneously allowed Penn’s motion to employ that mode of service. Specifically, she has neither set forth specific facts, nor argued, that Penn failed to make the showing necessary to support its motion. And she has not argued that the Pennsylvania court had failed to make the findings required to grant such a motion. See, e.g., Posey v. Searcy, 2008 WL 5382692 at *3 (E.D. Pa. 2008), citing Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (before court may grant Rule 403 motion, it must find plaintiff made good-faith effort to locate defendant, made practical efforts to serve defendant, and proposed alternative service is reasonably calculated to provide notice); Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004) (Rule 430 alternative service appropriate only when other service “cannot be made” and only as last resort). “Service by publication is permissible when a plaintiff’s good faith effort to learn where and when a defendant can be personally served is unavailing. Pa. R. C. P. 430(a), 42 Pa. C. S.” Kennedy v. Spiegel, 29 Pa. D. & C. 4th *176 135, 140 (1995), citing Romeo v. Looks, 369 Pa. Super. 608, 616 (1987) (“[A] method of substituted service is reasonably calculated to give actual notice depending upon ‘what is reasonable under the circumstances, considering the interests at stake and the burdens of providing notice.”). See also Pride Mobility Prods. Corp. v. Dylewski, 2009 WL 249356 at *1 (M.D. Pa. 2009), quoting Commonwealth v. Goodtimes Sales Co., 55 Pa. Commw. 160, 162 (1980) (“Due process requires only that a party be given notice ... in a manner that is reasonably calculated to inform the party of the pending action.”), and citing Pennsylvania Coal Mining Ass’n v. Insurance Dep’t, 471 Pa. 437, 452 (1977).
As these Pennsylvania authorities suggest, service by publication does not necessarily offend due process. Similarly, under Massachusetts law, service by publication may satisfy due process. See Boston v. James, 26 Mass. App. Ct. 625, 629 (1988) (“[W]here more efficacious service is shown to be unattainable within reason, publication ... may be held adequate as due process.”); Santiago v. Marchese, 2009 Mass. App. Div. 83, 85, quoting Mullanev. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (“An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.”). See also Fifield v. Board of Zoning Appeal of Cambridge, 450 Mass. 1001, 1002 (2007). We are therefore unconvinced that the motion judge offended due process in finding that Penn had effectively served Halpern in the Pennsylvania action and in granting summary judgment to Penn.
Halpern further argues, though, that the motion judge erred because Penn’s complaint in the Massachusetts action failed to state a claim upon which relief can be granted and, chiefly, because Penn neglected to attach to the complaint a copy of the underlying Pennsylvania judgment.[9] As a result, Halpern argues, Penn did not demonstrate it was entitled to judgment as a matter of law.
We understand Halpern’s argument as to Penn’s complaint to be that it is so “cryptic” as to fall short of setting out factual allegations that could support recovery under an actionable legal theory. “Under the Massachusetts practice of notice pleading, ‘there is no requirement that a complaint state the correct substantive theory of the case.’ A complaint must, however, contain ‘a short and plain statement of the claim,’ Mass. R. Civ. P., Rule 8(a) (1) ..., which affords fair notice to the defendant of the basis and nature of the action against [her]” (citation omitted). Colorio v. Marx, 72 Mass. App. Ct. 382, 386 (2008). Acknowledging that Penn’s haiku-like complaint is spare in the extreme, we find that from it one can nevertheless discern that Penn’s action is one to enforce in Massachusetts a judgment against Halpern in the amount *177 of $15,683.76 rendered by a court in Pennsylvania in favor of Penn.
Although G.L.c. 235, §14 provides that a plaintiff seeking execution in Massachusetts on a foreign judgment must file with the court certain documents before the execution may issue,[10] we are provided no authority, and have found none, that dictates any particular form of a complaint itself seeking enforcement of a foreign judgment. Specifically, we have found no authority mandating that certain documentation be attached to the complaint. Halpern relies upon Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) to suggest that Penn’s omission of the referred-to exhibit compromises the integrity of its complaint. In our view, Dartmouth Review, which notes the low, but real, threshold for notice-pleading standards, does not support the notion that the missing exhibit is fatal to Penn’s complaint and thus its judgment.
The appeal is dismissed.
So ordered.

 Penn suggested in its appellate brief that Halpern’s notice of appeal was filed late, an error corrected at oral argument. Although Halpern’s notice of appeal may have been timely, the notice’s compliance with the requirements of Dist./Mun. Cts. R. A. D. A., Rule 3 (c) was questionable at best. See East Coast Mechanical v. O’Leary, 1997 Mass. App. Div. 66 (discussing Rule 3(c) requirements); Petite v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 42 (same). However, given the full briefing and argument of this appeal, and the fact that “a single, dispositive issue of law is readily apparent” from the motion judge’s allowance of Penn’s summary judgment motion, Pettie, supra, we proceed to decide this appeal on its merits.

 Halpern’s notes evidently dated from 1983 and 1984. She does not suggest here that Penn’s action was untimely.

 “[W]e owe no deference to the [motion] judge’s decision because it is a ruling of law and involves no credibility or evidentiary determinations.” McGrath, supra at 257 n.4, quoting Boone v. Commerce Ins. Co., 451 Mass. 192, 195 (2008).

 Halpern’s affidavit averred simply that she had not been served in the Pennsylvania action. Such a broad conclusion, which begs the question of effective service, was insufficient to create a question of material fact that would have defeated Penn’s motion.

 Halpern did not argue, in any event, that Pennsylvania did not have subject matter jurisdiction of the action against her.

 The purpose of both registered and certified mail is the same: to facilitate or insure proof of delivery of notice through the requirement of a receipt. Gerson Realty Inc. v. Casaly, 2 Mass. App. Ct. 875 (1974). See also Adams v. Lamarine, 2004 Mass. App. Div. 36, 40; 42 Pa. Cons. Stat Ann. §5323(3); Pa. R. Civ. P. 403.

 Rule 403 provides in its entirety:
If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.
(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
(2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.
Note. The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery.

 “Rule 430. Service pursuant to special order of court. Publication (a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.” The record before us does not include the record in the Pennsylvania action.

 Indeed, Halpern’s chief theme was apparently that Penn’s omission of that exhibit was done fraudulently. Even were we to infer that Penn had obtained its Pennsylvania judgment through fraud (which we do not do), the Supreme Judicial Court held long ago that a Massachusetts court will not avoid a judgment of a sister state on the basis that it was obtained by fraud or misrepresentation. Mooney v. Hinds, 160 Mass. 469, 470-471 (1894), cited in Liu v. Clement, 2006 Mass. App. Div. 36, 38.

 “If a judgment is rendered for the plaintiff by a court in an action founded on a judgment rendered by a court outside of the commonwealth, execution shall not issue until the plaintiff files with the court rendering the judgment in the later action [i.e., the Massachusetts court] a transcript of the record of the judgment in the earlier case [i.e., the foreign court] under the seal of the court rendering it, attested by the clerk of such court.” G.L.c. 235, §14(a).