Per Curiam.
Plaintiff Bernadette Lawton (“Lawton”) has appealed the allowance *267 of summary judgment for the defendant, Hanover Insurance Company (“Hanover”), on her claim of breach of her automobile insurance policy.
The following facts are undisputed. While driving her motor vehicle that was insured by Hanover, Lawton sustained injuries in a motor vehicle accident. Her automobile insurance policy with Hanover included $8,000.00 in personal injury protection (“PIP”) coverage and $5,000.00 in optional medical payments (“MedPay^ coverage. Lawton was also insured at the time under a health insurance policy issued by Blue Cross Blue Shield (“Blue Cross”).
Lawton received medical treatment for her injuries, and submitted the bills, totaling $6,512.22, to Hanover for payment. Hanover paid the first $2,000.00 in medical expenses under the PIP part of the policy. Lawton then submitted her remaining bills to Blue Cross, which paid them.[2]
Despite having received payments from Hanover and Blue Cross equal to the total amount of her medical expenses, Lawton thereafter submitted her medical bills to Hanover for payment of $5,000.00 under the MedPay part of her policy. Hanover declined payment. Lawton commenced this action for breach of contract. On cross motions for summary judgment, the trial court allowed Hanover’s motion and denied Lawton’s motion, without prejudice to Lawton asserting a later claim for MedPay benefits if Blue Cross were to place a lien on her recovery, if any, from a third-party tortfeasor. This Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal by Lawton followed.
“Where parties have filed cross-motions for summary judgment and ‘in essence there is no real dispute as to the salient facts or if only a question of law is involved,’ summary judgment shall be granted to the party ‘entitled to judgment as a matter of law.’” Carter v. Seto, 2005 Mass. App. Div. 62, 64, quoting Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). “We review an allowance of a summary judgment motion de novo.” University of Pa. v. Halpern, 2009 Mass. App. Div. 172, 173.
Part 2 of the standard automobile policy at issue, covering PIP benefits, provides:
Some people have a policy of health ... insurance ... to provide, pay for, or reimburse the cost of medical expenses (“health plan”). If so, we will pay up to $2,000 of medical expenses for any injured person. We will also pay medical expenses in excess of $2,000 for such injured person which will not be paid by a health plan.
If anyone is entitled to PIP benefits and also to benefits under another part of this policy, we will pay from this Part first.
Part 6 of the policy, covering MedPay benefits, provides:
Under this Part, we will pay reasonable expenses for necessary medical and funeral services incurred as a result of an accident.
We will not pay under this Part for any expenses that are payable, or *268 would have been payable except for a deductible, under the PIP coverage of this policy or any other Massachusetts auto policy.
There is no dispute that Lawton was entitled to $2,000.00 in PIP benefits under part 2 of the policy. The only question is whether Lawton is entitled to an additional $5,000.00 under part 6 when her medical bills above $2,000.00 have already been paid by her health insurer. Hanover argues against MedPay coverage, asserting that only medical expenses above $2,000.00 that have been denied both under health insurance and PIP coverage are eligible for MedPay coverage, and that Lawton’s bills above $2,000.00 were not denied by Blue Cross. Lawton counters that medical expenses above $2,000.00 that are not payable under PIP coverage are eligible for MedPay coverage, and that her bills above $2,000.00 are not payable under PIP given that they were already paid by Blue Cross.
We agree with Hanover. Lawton’s argument is inconsistent with both a rational construction of the standard automobile policy and the compensatory character of insurance proceeds.
In Mejia v. American Cas. Co., 55 Mass. App. Ct. 461 (2002), the Appeals Court stated that, when an insured has both health insurance and MedPay coverage, he or she must submit medical expenses above the first $2,000.00 paid under PIP coverage to the health insurer for consideration. If the health insurer denies coverage, the insured may then submit the unpaid bills for payment under PIP coverage. Only if PIP benefits are unavailable would MedPay coverage “come into play.” Id. at 466. The Court also stated in dictum that MedPay coverage “provides a meaningful optional benefit for some consumers because it covers treatment which would not otherwise be covered by health insurance or PIP” Id. at 466 n.6. See Metropolitan Prop. & Cas. Ins. Co. v. Blue Cross & Blue Shield of Mass., Inc., 451 Mass. 389, 393 n.6 (2008) (finding no definitive legislative purpose underlying MedPay coverage, but stating “it seems quite probable that MedPay was originally intended to cover medical expenses in the event of an accident for people who did not have health insurance”). In this case, Lawton’s medical bills in excess of $2,000.00 were paid by Blue Cross. Under Mejia, therefore, MedPay coverage does not “come into play.” Id. at 466.
Further, “[i]t is well settled that the principle on which damages are assessed in insurance cases is that of indemnity for the loss actually sustained.” Russo v. Hingham Mut. Fire Ins. Co., 2001 Mass. App. Div. 17, 19, quoting Kingsley v. Spofford, 298 Mass. 469, 474-475 (1937). To rule in favor of Lawton in this case, rather than indemnifying her for the actual loss suffered, would result in a windfall. See Golchin v. Liberty Mut. Ins. Co., No. 09-P-904 (Mass. App. Ct. March 19,2010) (unpublished Rule 1:28 decision) (where insured sought MedPay coverage after health insurer paid her medical bills above $2,000.00 and placed lien on her claim against tortfea-sor, the Court stated in dictum that insured “not entitled to collect twice for the same bills”).
Finally, it was error for the trial court to order summary judgment for Hanover without prejudice to Lawton’s assertion of a future MedPay claim against Hanover if Blue Cross places a lien on her recovery from a third-party tortfeasor. Id. Even assuming arguendo that a health insurer’s lien could be equated with a denial of coverage, an insured must still exhaust PIP benefits before MedPay coverage becomes *269 available. See Mejia, supra at 466.
Accordingly, the trial court’s entry of summary judgment is vacated. Summary judgment, with prejudice, is to be entered for defendant Hanover.
So ordered.

 Copayments were paid under the PIP part of the policy.