Despotopulos, J.
On October 8, 2009, Jennifer Kirby (“Kirby”) filed this action against her automobile insurance carrier, Liberty Mutual Insurance Company (“Liberty Mutual”). Kirby claimed that Liberty Mutual breached the insurance contract by failing to issue payment under her optional medical payments (“MedPay”) coverage. When Kirby settled her tort claim, she paid in full a lien from her private health insurance carrier, Unicare State Indemnity Plan (“Unicare”), reimbursing the health insurer for benefits paid on her behalf for treatment of injuries sustained in a motor vehicle accident that occurred on January 17, 2007. Kirby then sought repayment of this amount under her MedPay coverage from Liberty Mutual. Liberty Mutual denied her claim.
In October, 2011, Liberty Mutual filed a motion for summary judgment. Kirby filed an opposition to Liber(y Mutual’s motion and filed a cross motion for summary judgment. A hearing was held on these motions on November 15, 2011. On May 15, 2012, the trial court issued its order, allowing Kirby’s motion for summary judgment and denying Liberty Mutual’s motion for summary judgment. This appeal by Liberty Mutual followed.
‘Where parties have filed cross-motions for summary judgment and ‘in essence there is no real dispute as to the salient facts or if only a question of law is involved,’ summary judgment shall be granted to the party ‘entitled to judgment as a matter of law.’” Carter v. Seto, 2005 Mass. App. Div. 62, 64, quoting Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). ‘We review an allowance of a summary judgment motion de novo.” University of Pa. v. Halpern, 2009 Mass. App. Div. 172, 173.
There are no disputed material facts in this case. On January 17, 2007, Kirby sustained injuries in a motor vehicle accident. Liberty Mutual insured Kirby at the time of the accident. The insurance policy included coverage for personal injury protection (“PIP”) benefits with a limit of $8,000.00 and MedPay coverage with a limit of $5,000.00. Kirby alleged she had incurred medical expenses totaling $13,387.56 for *191 treatment of her injuries. Liberty Mutual paid the initial $2,000.00 in medical bills incurred by Kirby out of the PIP coverage included in the policy, and also paid an additional $1,283.92 in PIP benefits for reimbursements of copayments and other excluded medical charges.
On July 11, 2007, Liberty Mutual advised Kirby, through her counsel, that the $2,000.00 PIP coverage on her claim had been exhausted and requested that Kirby submit all outstanding medical bills to Unicare. Unicare paid in full the remaining medical bills for a total payment of $4,956.67. Unicare placed a lien against Kirby’s settlement proceeds from her tort claim. Kirby paid this lien amount of $4,956.67.
On November 21,2008, Kirby submitted a claim with Liberty Mutual for MedPay benefits for reimbursement of her payment to Unicare to satisfy its lien. Liberty Mutual denied Kirby’s claim for MedPay benefits under her automobile policy.
Liberty Mutual has appealed the trial court’s granting of summary judgment for Kirby on two grounds. First, it asserts that Kirby was not entitled to MedPay benefits for the amount already paid by Unicare following payment of $2,000.00 in PIP benefits by Liberty Mutual where less than the $8,000.00 limit has been paid. Second, it argues that Kirby’s claim for double payment of MedPay benefits for medical bills that have been paid by Unicare is precluded where, under the Massachusetts statutory scheme, no “expense” has been “incurred.” It is Liberty Mutual’s position that in the absence of incurred expenses, MedPay is not triggered. Liberty Mutual’s appeal fails on both grounds.
The standard Massachusetts automobile insurance policy contains two coverages implicated by Kirby’s claim. First, the policy provides a maximum of $8,000.00 in PIP benefits. PIP benefits are payable for medical expenses, lost wages, and replacement services. The second form of coverage is MedPay. MedPay benefits cover reasonable medical expenses for necessary medical and funeral services incurred as a result of an accident. If PIP benefits are available, they are paid first. MedPay benefits are not payable if PIP coverage is available and has not been exhausted. Golchin v. Liberty Mut Ins. Co., 460 Mass. 222, 226 (2011) (Golchin I).
When PIP coverage is available, payment under PIP is to precede any payments under MedPay. The availability of PIP in turn depends upon whether the claimant has health insurance for the medical services that were provided. Mejia v. American Cas. Co., 55 Mass. App. Ct. 461,466 (2002). Here, Kirby had health insurance. Once the first $2,000.00 of PIP was exhausted, she was required to submit her outstanding bills to Unicare, which she did. Unicare paid those bills and imposed its lien on her tort settlement. Kirby satisfied the lien.
With the first $2,000.00 of PIP benefits exhausted, PIP was no longer available to Kirby for her medical expenses because she had a separate health insurance policy with Unicare. The question is whether Kirby may seek medical expense benefits under MedPay where those expenses were covered by and paid under Kirby’s policy with Unicare. In Golchin v. Liberty Mut. Ins. Co., 466 Mass. 156 (2013) (Golchin IT), the Court held that a claimant, similar to Kirby, is entitled to the MedPay benefits provided by her automobile insurance policy, notwithstanding that the medical expenses at issue were covered and paid under a separate policy of health insurance.
The question before the Court in Golchin II was whether MedPay benefits were available when the medical expenses for which MedPay benefits were sought also had been paid by a health insurance provider under a separate policy of health insur- *192 anee. The Court concluded that under the plain language of the automobile policy, MedPay benefits are payable in such circumstances. Id. at 160. The Court further concluded that the automobile policy requires only that these be expenses for medical expenses as a result of injuries suffered in an accident by the owner or occupant of the insured vehicle; the policy does not say who must actually pay these expenses to trigger MedPay coverage. Id. at 161.
In this case, the record is clear that Kirby’s injuries from the accident resulted in medical expenses totaling $13,387.56, of which Unicare paid $4,956.67. These expenses were “incurred” within the plain language of the automobile policy, first by Unicare and then by Kirby when she satisfied Unicare’s lien. Kirby is entitled to the MedPay benefits.
As in Golchin II, no double recovery will result in this case because Kirby paid in full Unicare’s lien.
The trial court’s allowance of Kirby’s motion for summary judgment was proper. Judgment affirmed.